## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al.*,[1] | ) | Case No. 22-11257 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

### DEBTORS' MOTION FOR ENTRY OF AN ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES

The above-captioned debtors and debtors-in-possession (collectively, the "Debtors")

hereby move (the "Motion") for entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Proposed Order"), pursuant to sections 105(a), 107, and 521(a)(1) of title 11 of

the United States Code (the "Bankruptcy Code"), Rules 1007, 9018, and 9037 of the Federal Rules

of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1007 of the Local Rules for the

United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing

certain procedures to maintain the confidentiality of patient information as required by applicable

privacy rules.  In support of the Motion, the Debtors respectfully submit as follows:

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931).  The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

## Jurisdiction

1.        The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Court. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to entry of a final order by the Court in connection with this Motion if later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.        The predicates for the relief requested herein are sections 105(a), 107, and 521(a)(1) of the Bankruptcy Code, Bankruptcy Rules 1007, 9018, and 9037, and Local Rule 1007.

## Background

3.        On the date hereof (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are managing their properties as debtors-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108. No trustee or examiner has been appointed in the Debtors' Chapter 11 Cases, and no committees have been appointed or designated.

4.        The Debtors operate four full service digital pharmacies, twenty-one brick-and-mortar, full-service specialty pharmacies serving twenty markets across nine states and one health and wellness store in Seattle, Washington. The Debtors also operate an e-commerce business through the "Pharmaca.com" site. The Debtors offer orchestrated consumer services such as delivery, prior authorization coordination, copay management, refill management and much

more.  The Debtors' strategic pillars include prescription medications, health and wellness and order fulfilment, including, where available, same day delivery.  The Debtors hire expert practitioners and experienced pharmacists who deliver a superior customer experience.  As a result, the Debtors are a trusted partner of consumers and doctors.

5.       The factual background regarding the Debtors, including their historical business operations and the events precipitating the chapter 11 filing, is set forth in detail in the *Declaration of Richard Willis in Support of the Debtors' Chapter 11 Petitions and First Day Relief* (the "First Day Declaration") filed concurrently herewith and fully incorporated herein by reference.

### Relief Requested

6.       By this Motion, the Debtors seek entry of the Proposed Order authorizing certain procedures to maintain the confidentiality of patient information as required by the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), while providing required disclosures in these chapter 11 cases.

7.       The Debtors request that the Court establish the following procedures (the "Privacy Procedures") to balance the need to protect patient health information pursuant to HIPAA with the need to disclose information regarding these chapter 11 cases to the public:

    a.    the Debtors shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;

    b.    the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court and to the United States Trustee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;

    c.    the Debtors and/or their proposed claims and noticing agent shall maintain a list of all current or former patients (the "Patient List") that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof,

available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so; and

d.      when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

## Basis for Relief

8.      HIPAA and its corresponding regulations impose stringent standards on health care providers and establish significant penalties for any health care provider that uses or discloses patient information. *See* 42 U.S.C. § 1302d *et seq.*, 45 C.F.R. § 164.502.

9.      Because the Debtors qualify as health care providers that transmit health information, they are considered "covered entities" under 45 C.F.R. § 160.103. This designation prevents the Debtors from disclosing, except in limited circumstances, "individually identifiable health information." 45 C.F.R. § 164.502. HIPAA defines "individually identifiable health information" as any information relating to the individual's "past, present or future physical or mental health or condition, the provision of health care to the individual, or the past, present or future payment for the provision of health care to the individual" that also "identifies the individual or for which there is a reasonable basis to believe that the information can be used to identify the individual." 42 U.S.C. § 1302d(6). Individually identifiable health information is referred to as "PHI" (protected health information) under HIPAA.[2]

---

[2] While the Debtors believe they are a covered entity subject to HIPAA privacy regulations, they are not a "health care business" that requires the appointment of a patient care ombudsman. *See* 11 U.S.C. § 333(a)(1). The Debtors do not meet the definition of a "health care business" as used in the Bankruptcy Code. *See* 11 U.S.C. § 101(27). Among other points, the Debtors are not primarily engaged in offering to the general public facilities and services. Additionally, a "pharmacy" is not one of the enumerated types of businesses in section 101(27B), nor does it reasonably fit in any of the catch-all subcategories. *See* 11 U.S.C. § 101(27A); *see also In re William L. Saber, M.D., P.C.*, 369 B.R. 631, 636 (Bankr. D. Colo. 2007) ("Subsections of § 101(27A)(A) and of subsection (B) are connected by the conjunctive. Thus a debtor who is a 'health care business' must meet every requirement under both subsections for a patient care ombudsman to be appointed."); *In re Banes*, 355 B.R. 532, 534 (Bankr. M.D.N.C. 2006). The Debtors reserve all rights with respect to the issue of any proposed appointment of a patient care ombudsman.

4

10.     The Debtors could be subjected to significant monetary penalties for the unauthorized disclosure of PHI. 45 C.F.R. § 160.402.  Such penalties can be imposed even if a person "did not know and, by exercising reasonable diligence, would not have known" that a violation occurred. 45 C.F.R. § 160.404(b)(2)(i).

11.     The Debtors believe that the requirements to maintain patient confidentiality under HIPAA conflict with the requirements to disclose information under the Bankruptcy Code, specifically the duty to file a list of all creditors under Bankruptcy Code section 521(a)(1)(A) and the duty to file schedules of all assets and liabilities under Bankruptcy Code section 521(a)(1)(B)(i).  The Debtors therefore respectfully request that such patient information be protected through the proposed Privacy Procedures herein pursuant to Bankruptcy Code section 107(c), which allows a bankruptcy court, for cause, to protect an individual if disclosure would create an undue risk of unlawful injury.  *See also* Bankruptcy Rule 9018 (allowing a bankruptcy court to protect governmental matters that are made confidential by statute or regulation).

12.     This Court may also approve the proposed Privacy Procedures pursuant to section 105(a) of the Bankruptcy Code, which authorizes the court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

13.     The Debtors believe that the relief requested herein appropriately balances the need to maintain confidential patient information under HIPAA with the need for adequate disclosure under the Bankruptcy Code.  Given the nature of any information that may reveal even the identity of patients, confidentiality in this context is of paramount importance.

14.     Further, relief similar to that requested in this Motion has been granted in similar chapter 11 cases in this district. *See, e.g., In re Mariner Health Central, Inc.*, Case No. 22-10877

(LSS) (Bankr. D. Del. Sept. 21, 2022) [D.I. 34] (authorizing the debtors to implement procedures to maintain and protect confidential health information of current and former patients as required by HIPAA); *In re CMC II, LLC*, Case No. 21-10461 (JTD) (Bankr. D. Del. Apr. 1, 2021) [D.I. 150] (authorizing the debtors to implement procedures to maintain and protect confidential health information of residents as required by HIPAA); *In re Quorum Health Corp.*, Case No. 20-10766 (KBO) (Bankr. D. Del. May. 1, 2020) (same); *In re Hospital Acquisition LLC*, Case No. 19-10998 (BLS) (Bankr. D. Del. May 8, 2019) [D.I. 38] (same); *In re EBH TOPCO, LLC*, Case No. 18-11212 (BLS) (Bankr. Del. May 24, 2018) [D.I. 40] (same).

## Notice

15.     The Debtors will provide notice of this Motion to:  (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) counsel to the agent under the Debtors' postpetition credit facility; (d) counsel to the lenders under the Debtors' prepetition credit facilities; (e) the United States Attorney's Office for the District of Delaware; (f) the state attorneys general for all states in which the Debtors conduct business; (g) any party that requests service pursuant to Bankruptcy Rule 2002.  As this Motion is seeking "first day" relief, within two business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).

## No Prior Request

16.     No prior request for the relief sought in this Motion has been made to this or any other court.

## Conclusion

WHEREFORE, the Debtors respectfully request entry of the Proposed Order, granting the

relief requested herein and such other and further relief as is just and proper.

Dated: December 9, 2022          **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email: ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

Proposed Counsel to the Debtors and Debtors in
Possession