# REDLINE OF PROPOSED ORDER [ECF NO. 6]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | Case No. 22-11257 (KBO) |
| Debtors. | (Jointly Administered) |

## ORDER AUTHORIZING CERTAIN PROCEDURES TO MAINTAIN CONFIDENTIALITY OF PATIENT INFORMATION AS REQUIRED BY APPLICABLE PRIVACY RULES

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), pursuant to sections 105(a), 107, and 521(a)(1) of title 11 of the United States Code (the "Bankruptcy Code"), Rules 1007, 9018, and 9037 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rule 1007 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing certain procedures to maintain the confidentiality of patient information as required by applicable privacy rules, all as more fully set forth in the Motion; and the Court having found that it has jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and

1

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301

7205796

upon consideration of the First Day Declaration in support thereof; and the Court having found that

consideration of the Motion and the relief requested therein is a core proceeding pursuant to 28

U.S.C. § 157(b); and the Court having found that venue of these proceedings in this District is

proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion as set

forth therein is sufficient under the circumstances; and the Court having reviewed the Motion and

having considered statements in support of the Motion at the hearing held before this Court (the

"<u>Hearing</u>"); and the Court having determined that the legal and factual bases set forth in the Motion

and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings

had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS

HEREBY ORDERED THAT:

1.    The Motion is GRANTED as set forth herein.

2.    The following procedures (the "<u>Privacy Procedures</u>") shall apply in these chapter

11 cases:

    a.    the Debtors shall omit any reference to current or former patients from the matrix of creditors and any certificate of service;

    b.    the Debtors shall identify current or former patients in the Schedules and Statements solely by a code number, such as "Patient 1," "Patient 2," and so forth, and shall make an unredacted copy of the Schedules and Statements available to (i) the Court, the Official Committee of Unsecured Creditors, and to the United States Trustee upon request; and (ii) any other party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so;

    c.    the Debtors and/or their proposed claims and noticing agent shall maintain a list of all current or former patients (the "<u>Patient List</u>") that appear on the matrix of creditors, and shall make the Patient List, or any portion thereof, available to any party-in-interest only after this Court has entered an order, after notice and a hearing, authorizing the Debtors to do so; and

    d.    when the Debtors serve any paper upon any person listed on the Patient List, the Debtors shall note in the respective certificate of service that the parties served include persons listed on the Patient List.

3.      Nothing in this Order shall affect the rights or obligations of any patient care ombudsman or long-term care ombudsman appointed in these cases pursuant to 11 U.S.C. § 333.

4.      The Debtors' compliance with the foregoing Privacy Procedures shall constitute compliance with section 521 of the Bankruptcy Code, Rule 1007(a) of the Federal Rules of Bankruptcy Procedure, and Local Rule 1007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 7]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | Case No. 22-11257 (KBO) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO (A) CONTINUE
OPERATING CASH MANAGEMENT SYSTEM, (B) HONOR AND PAY BANK
FEES, (C) MAINTAIN EXISTING BUSINESS FORMS, (II) SCHEDULING
A FINAL HEARING, AND (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of a final order (this "Final Order"), pursuant to sections 105, 345, and 363 of the Bankruptcy Code, Rules 6003 and 6004 of the Bankruptcy Rules, and Rule 2015-2 of the Local Rules, (i) authorizing the Debtors to (a) continue operating the Cash Management System, (b) honor and pay the Bank Fees in the normal course, including any prepetition Bank Fees, and (c) maintain existing business forms, and (ii) granting certain related relief, all as more fully set forth in the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States*

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7205797

*District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that

this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of

this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

Motion were appropriate under the circumstances and no other notice need be provided; and this Court

having reviewed the Motion and having heard the statements in support of the relief requested therein

at an interim hearing before this Court (the "Hearing"), and the Court

having entered an interim order on the Motion [Docket No.        ] (the "Interim Order") and notice

of a final hearing having been provided; and this Court having determined that the legal and factual

bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

proceedings had before this Court; and after due deliberation and sufficient cause appearing

therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis, as set forth in this Final Order.

2.      Subject to any interim or final order approving the Debtors' use of cash collateral

and/or any postpetition financing facility, including any documents providing for such debtor in

possession financing and the budget governing such debtor in possession financing or use of cash

collateral (in either case, a "DIP Order"), the Debtors are authorized, but not directed, to: (a) continue

operating the Cash Management System, substantially as identified on **Exhibit 1** attached hereto and

as described in the Motion; (b) honor their prepetition obligations related thereto; (c) use, in their

present form, all preprinted correspondence and Business Forms (including letterhead) without

reference to the Debtors' status as debtors in possession; (d) continue to perform Intercompany

Transactions; (e) continue to use, with the same account numbers, the Bank Accounts in existence as

of the Petition Date, including those accounts identified on **Exhibit 2**

2

attached hereto, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Guidelines (to the extent applicable); (f) treat the Debtor Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (g) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (h) pay the Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts and to otherwise perform their obligations under the documents governing the Bank Accounts; *provided* that in the case of each of (a) through (h), such action is taken in the ordinary course of business and consistent with historical practices.

3.      The Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course of business consistent with historical practices, and to receive, process, honor, and pay, to the extent of available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order; *provided* that the Debtors shall only instruct or request any Bank to pay or honor any check, draft, or other payment item issued on a Bank Account prior to the Petition Date but presented to such Bank for payment after the Petition Date as authorized by an order of the Court.

4.      The Banks are authorized to debit the Debtors' accounts in the ordinary course of business, consistent with historical practices, without the need for further order of this Court for: (a) all checks drawn on the Debtors' accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or

other items deposited in one of Debtors' accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

5.       Any existing deposit agreements between or among the Debtors, the Banks, and other parties shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect unless otherwise ordered by the Court, and the Debtors and the Banks may, without further order of this Court, agree to and implement changes to the Cash Management System and cash management procedures in the ordinary course of business, consistent with historical practices and the Debtors' prepetition secured debt agreements, including, without limitation, the opening and closing of bank accounts, subject to the terms and conditions of this Final Order.

6.       To the extent any of the Debtors' Bank Accounts are not in compliance with section 345(b) of the Bankruptcy Code or any of the U.S. Trustee's requirements or guidelines, the Debtors shall have until a date that is 45 days from the Petition Date, without prejudice to seeking an additional extension, to either come into compliance with section 345(b) of the Bankruptcy Code and any of the U.S. Trustee's requirements or guidelines or to make such other arrangements as are agreed to by the U.S. Trustee or approved by the Court; *provided* that nothing herein shall prevent the Debtors or the U.S. Trustee from seeking further relief from the Court to the extent that an agreement cannot be reached. The U.S. Trustee's and the Debtors' rights to seek further relief from this Court on notice in the event that the aforementioned Banks are unwilling

to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

7.      For the Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within fifteen (15) days of the date of entry of the Interim Order, the Debtors shall (a) contact such bank, (b) provide such bank with each of the Debtors' employer identification numbers, and (c) identify each of their Bank Accounts held at such bank as being held by a debtor in possession in the Debtors' bankruptcy cases. For Banks at which the Debtors hold Bank Accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a Uniform Depository agreement in a form prescribed by the U.S. Trustee within forty-five (45) days of the date of the Interim Order.

8.      Subject to the terms hereof, the Debtors are authorized, but not directed, in the ordinary course of business consistent with historical practices and the Debtors' prepetition secured debt agreements, to open any new bank accounts or close any existing Bank Accounts and enter into any ancillary agreements, including deposit account control agreements, related to the foregoing, as they may deem necessary and appropriate, provided that the Debtors give notice to the U.S. Trustee, the Official Committee of Unsecured Creditors, and any other official committees appointed in these chapter 11 cases within 15 days of opening or closing a bank account. The relief granted in this Final Order is extended to any new bank account opened by the Debtors in the ordinary course of business after the date hereof, which account shall be deemed a "Bank Account," and to the bank at which such account is opened, which bank shall be deemed a "Bank," provided that any new domestic bank account opened by the Debtors shall be established at an institution insured by the FDIC and organized under the laws of the United States or any State therein or, in the case of accounts that may carry a balance

7205797

exceeding the insurance limitations set thereby, is a party to a Uniform Depository Agreement with the U.S. Trustee or is willing to immediately execute such a Uniform Depository Agreement.

9.       All banks maintaining any of the Bank Accounts that are provided with notice of this Final Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue timely stop payment orders in accordance with the documents governing such Bank Accounts.

10.       The Banks are authorized, without further order of this Court, to deduct any applicable fees from the applicable Bank Accounts in the ordinary course of business consistent with historical practices.

11.       The Banks are authorized, without further order of this Court, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including returned items that result from ACH transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such returned items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

12.       Subject to the terms set forth herein, any bank, including the Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Final Order (a) at the direction of the Debtors, (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored, or (c) as a result of a mistake made despite implementation of reasonable customary handling procedures, shall be deemed to be nor shall be liable to the Debtors, their estates, or any other party on account of such

7205797

prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Final Order.

13.    Any banks, including the Banks, are further authorized to honor the Debtors' directions with respect to the opening and closing of any Bank Account and accept and hold, or invest, the Debtors' funds in accordance with the Debtors' instructions; provided that the Banks shall not have any liability to any party for relying on such representations to the extent such reliance otherwise complies with applicable law.

14.    The Debtors are authorized, but not directed, to continue using the Credit Card Program in the ordinary course of business and consistent with prepetition practices, including payment of prepetition and postpetition Credit Card Obligations outstanding with respect thereto, subject to the limitations of this Final Order, the DIP Order, and any other applicable interim and/or final orders of this Court.

15.    The Debtors are authorized, but not directed, to continue engaging in Intercompany Transactions in connection with the Cash Management System in the ordinary course of business, consistent with historical practices subject to any limitations under the DIP Order. The Debtors shall maintain accurate and detailed records of all Intercompany Transactions and the payment of Intercompany Claims so that all transactions may be readily traced, ascertained, and recorded properly on applicable intercompany accounts (if any) and distinguished between prepetition and postpetition transactions for the purposes of determining administrative expense status.

16.    All postpetition payments from a Debtor to another Debtor or non-Debtor under any postpetition Intercompany Transactions authorized hereunder that result in an Intercompany Claim are hereby accorded administrative expense status under section 503(b) of the Bankruptcy

Code, which shall be subject and junior to claims, including adequate protection claims, granted in connection with the DIP Order.

17.    Nothing contained in the Motion or this Final Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not exist as of the Petition Date or (b) alter or impair the validity, priority, enforceability, or perfection of any security interest or lien or setoff right, in favor of any person or entity, that existed as of the Petition Date.

18.    Nothing contained in the Motion or this Final Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Final Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Motion or this Final Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

19.    The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests

8

that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

20.     Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

21.     Notwithstanding anything to the contrary in the Motion or this Final Order, any payment made by the Debtors pursuant to the authority granted in this Final Order must be in compliance with and any authorization of the Debtors contained herein is subject to the DIP Order.

22.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

23.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

24.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to the extent that such actions are not prohibited by the terms of the DIP Order.

25.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 9]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 ( __ ) |
| | ) |
| Debtors. | ) (Joint Administration |
| | ) Requested) **Ref. Docket No. [●]** |

## FINAL ORDER: (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES; AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"): (a) authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7206611

determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business and is in the best interests of the Debtors, their estates, and their creditors; and it appearing that the notice of the Motion having been given as set forth therein was appropriate and that no other or further notice need be given; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No. [●]] and notice of a final hearing having been provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth in this Final Order.

2.      Subject to any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility, including any documents providing for such debtor in possession financing and the budget governing such debtor in possession financing or use of cash collateral (in either case, a "DIP Order"), the Debtors are authorized, but not directed, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy, the Taxes and Fees that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of the Chapter 11 Cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Audits or paying any Taxes and Fees arising as a result of Audits.

3.      The Debtors are authorized, but not directed, to make payments to Avalara for

2

processing of Sales and Use Tax payments and to pay any fees that become due and owing to Avalara in the ordinary course of business.

4.      All applicable banks and other financial institutions, as well as Avalara, are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Taxes and Fees approved herein, whether prior to or after commencement of the Chapter 11 Cases.

5.      The Debtors are authorized, consistent with this Final Order, to issue postpetition checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

6.      Payments made in accordance with the relief granted herein shall be delineated in the Debtors financial statements provided to the Official Committee of Unsecured Creditors on an ongoing basis until confirmation of a plan of reorganization in the Debtors' Chapter 11 Bankruptcy Cases (the "Chapter 11 Cases"), dismissal of the Chapter 11 Cases, or conversion of the Chapter 11 Cases to chapter 7 bankruptcy cases.

7.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

8.      Nothing in the Motion, this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any

7206611

party subject to this Final Order. Nothing contained herein or in the Motion shall be deemed to

increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any

claim to the extent that it is not paid.

3

7206611

8.      Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Authorities or those parties who ordinarily collect the Taxes and Fees as to amount, liability, classification, or otherwise.

9.      Notwithstanding the possible applicability of Bankruptcy Rules 6003 and 6004, the terms and conditions of this Final Order shall be immediately effective and enforceable. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the Motion. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Final Order, such stay is hereby waived.

10.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and Local Rule 9013-1(m) are satisfied by such notice.

11.     To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion to the extent that such actions are not prohibited by the terms of the DIP Order.

13.     This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Final Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 10]

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | Case No. 22-11257 (KBO) |
| Debtors. | (Jointly Administered) |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE INSURANCE COVERAGE ENTERED INTO
PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED
THERETO AND (B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE
AND FINANCE INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of a final order (this "Final Order"), authorizing the Debtors to: (i) authorizing, but not directing, the Debtors to continue their existing Insurance Policies; (ii) authorizing, but not directing, the Debtors to pay certain (A) prepetition Insurance Obligations, and (B) postpetition Insurance Obligations in the ordinary course of business; (iii) authorizing the Debtors to renew, amend, supplement, extend, or purchase and finance insurance policies in the ordinary course; (iv) authorizing the Debtors to honor Surety Obligations, to the extent necessary; and (v) granting related relief, all as more fully set forth in

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7206606

the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at an interim hearing before this Court (the "Hearing"), and the Court having entered an interim order on the Motion [Docket No.        ] and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      Subject to any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility, including any documents providing for such debtor in possession financing and the budget governing such debtor in possession financing or use of cash collateral (in either case, a "DIP Order"), the Debtors are hereby authorized, but not directed, to pay, in their sole discretion and in the ordinary course of their business, all premiums, premium finance payments, claims, deductibles, retrospective adjustments, administrative and broker's fees and all other obligations related to the Insurance Policies and Surety Bonds on account of such prepetition obligations without further order of this Court, and the Debtors are authorized to pay

and honor any postpetition Insurance Obligations in connection with the Insurance Policies and any postpetition Surety Obligations in connection with Surety Bonds as such obligations come due in the ordinary course of business.

3.      The Debtors are hereby authorized, but not directed, to maintain their Insurance Policies and Surety Bonds without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of their business, in their business judgment and at their sole discretion, without further application to this Court. For the avoidance of doubt, nothing in this Interim Order shall limit the Debtors' ability to cancel any outstanding Surety Bonds. The Debtors are also authorized to maintain their Surety Bonds in accordance with practices and procedures that were in effect before the commencement of these chapter 11 cases, including but not limited to, paying all prepetition and postpetition amounts due in connection with the Surety Bonds, renewing or securing new surety bonds, posting collateral, and honoring indemnity agreements.

4.      The Debtors are authorized, but not directed renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, to the extent that the Debtors determine that such action is in the best interest of their estates to the extent such actions are not prohibited by the terms of the DIP Order in consultation with the Official Committee of Unsecured Creditors.

5.      Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is

of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6.     Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations and Surety Obligations are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7.     The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligation or Surety Obligations, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

8.     Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

7206606

10.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 11]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 ( __ ) |
| | ) |
| Debtors. | ) (Joint Administration |
| | ) Requested) **Ref. Docket No. [●]** |

### FINAL ORDER: (I) APPROVING DEBTORS' PROPOSED FORM OF ADEQUATE ASSURANCE OF PAYMENT TO UTILITY COMPANIES; (II) ESTABLISHING PROCEDURES FOR RESOLVING OBJECTIONS BY UTILITY COMPANIES; (III) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING, OR DISCONTINUING SERVICE; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of a final order (this "<u>Final Order</u>"), pursuant to sections 105(a) and 366 of the Bankruptcy Code, and Bankruptcy Rules 6003 and 6004: (i) approving the Debtors' proposed form of adequate assurance of payment to the Utility Companies; (ii) establishing procedures for resolving objections by Utility Companies relating to the adequacy of the proposed adequate assurance provided by the Debtors; (iii) prohibiting the Utility Companies from altering, refusing, or discontinuing service to, or discriminating against, the Debtors on the basis of the commencement of the Chapter 11 Cases or any outstanding prepetition debts; and (iv) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7206694

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and the Court having entered an interim order on the Motion [Docket No. [●]]; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearings establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, IT IS HEREBY ORDERED THAT:

1.      Subject to the Adequate Assurance Procedures, the Motion is granted on a final basis as set forth herein.

2.      All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, hereby are overruled on the merits.

3.      The Proposed Adequate Assurance shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4.      Subject to compliance with the procedures set forth in the Motion and this Final Order, all Utility Companies are prohibited from altering, refusing, or discontinuing Utility Services, or otherwise discriminating against the Debtors, on account of any unpaid prepetition charges or any perceived inadequacy of the Debtors' Proposed Adequate Assurance, and all Utility Companies are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

5.      The following Adequate Assurance Procedures are hereby approved:

a)      The Debtors will serve a copy of the Motion and this Final Order on the Utility Companies on the Utility Services List, attached to the Motion as Exhibit C, within three (3) business days after entry of this Final Order.

b)      The Debtors will deposit the Utility Deposit, in the aggregate amount of $55,500.00, in the Utility Deposit Account within twenty (20) days after the Petition Date.

c)      The portion of the Utility Deposit attributable to each Utility Company will be returned to the Debtors on the earlier of: (i) reconciliation and payment by the Debtors of the Utility Company's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Company; and (ii) the earlier of: (a) the effective date of any chapter 11 plan confirmed in the Chapter 11 Cases; and (b) the closure of the Chapter 11 Cases; *provided* that there are no outstanding disputes related to post-petition payments due to the affected Utility Companies.

d)      Any Utility Company desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the following parties: (i) proposed counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, DE 19899-8705 (Courier 19801), Attn: Laura Davis Jones (ljones@pszjlaw.com), David M. Bertenthal (dbertenthal@pszjlaw.com), and Timothy P. Cairns (tcairns@pszjlaw.com); (ii) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, DE 19801, Attn: [●]; (iii) counsel to the agent under the Debtors' postpetition credit facility; (iv) counsel to the lenders under the Debtors' prepetition credit facilities; and (v) counsel for any official committee of unsecured creditors appointed in the Chapter 11 Cases, Porzio, Bromberg & Newman, P.C., 300 Delaware Avenue, Suite 1220, Wilmington, DE 19801, Attn: Warren J. Martin, Jr. (wjmartin@pbnlaw.com), Robert M. Schechter (rmschechter@pbnlaw.com), and Kelly D. Curtin (kdcurtin@pbnlaw.com).

e)      The Additional Assurance Request must: (i) be made in writing; (ii) set forth the location(s) for which Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) explain why the Utility Company believes the Utility Deposit is not adequate assurance of payment; and (iv) certify that the Utility Company does not already hold a deposit equal to or greater than two weeks of Utility Services provided by such Utility Company.

f)      An Additional Assurance Request may be made at any time. If a Utility Company does not serve an Additional Assurance Request, the Utility Company will be: (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code; and (ii) forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges or requiring additional assurance of payment other than the Proposed Adequate Assurance.

g)      Upon the Debtors' receipt of an Additional Assurance Request, the Debtors will negotiate with the Utility Company to resolve the Utility Company's Additional Assurance Request in consultation with the Committee.

h)      The Debtors may, without further order from the Court, resolve an Additional Assurance Request by mutual agreement with a Utility Company, and the Debtors may, in connection with any such agreement, provide a Utility Company with additional adequate assurance of payment, including cash deposits, payments of any outstanding prepetition balance due to the Utility Company, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

i)      If the Debtors and the Utility Company are not able to reach an alternative resolution within thirty (30) days of receipt of the Additional Assurance Request, the Debtors will request a hearing before the Court at the next regularly scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to the particular Utility Company (the "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code, unless the Debtors and the Utility Company agree in writing to extend the period.

j)      Pending resolution of the Additional Assurance Request and Determination Hearing, the Utility Company making the Additional Assurance Request will be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of unpaid charges for prepetition services or on account of any objections to the Proposed Adequate Assurance.

6.     The Utility Companies are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7.     The inclusion of any entity in, as well as any omission of any entity from, the Utility Services List shall not be deemed an admission by the Debtors that such entity is, or is not, a utility within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

8.     The Debtors are authorized to amend the Utility Services List to the extent the Debtors terminate the services of any Utility Company or identify additional Utility Companies, and this Final Order shall apply to any Utility Company that is added to the Utility Services List. The Debtors shall serve a copy of this Final Order upon any Utility Company added to the Utility Services List.

9.     Subject to any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility, including any documents providing for such debtor in possession financing and the budget governing such debtor in possession financing or use of cash collateral (in either case, a "DIP Order"), the Debtors shall increase the amount of the Utility Deposit if an additional Utility Company is added to the Utility Services List by an amount equal to two (2) weeks of Utility Services provided by such additional Utility Company, calculated using the historical average for such payments during the twelve months prior to the Petition Date.

10.    The Debtors may terminate the services of any Utility Company and amend the Utility Services List to reflect such termination. The Debtors are authorized to reduce the Utility Deposit by the amount held on account of such terminated Utility Company upon seven (7) days' notice of such reduction and having not received a response thereto by such deadline.

7206694

11.     The relief granted herein is applicable to all Utility Companies providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Services List.

12.     Nothing contained in the Motion, the Interim Order, or this Final Order, nor any payment made pursuant to the authority granted by the Interim Order or this Final Order, is intended to be or shall be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' or any appropriate party in interest's rights to dispute the amount of, basis for, or validity of any claim against the Debtors; (c) a waiver of any claims or causes of action that may exist against any creditor or interest holder; or (d) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy between the Debtors and any third party under section 365 of the Bankruptcy Code.

13.     The requirements of Bankruptcy Rule 6003(b) have been satisfied.

14.     Under the circumstances of the Chapter 11 Cases, notice of the Motion is adequate under Bankruptcy Rule 6004(a) and the Local Rules.

15.     Notwithstanding Bankruptcy Rule 6004(h), this Final Order shall be immediately effective and enforceable upon its entry.

16.     This Court retains jurisdiction to enforce and implement the terms and provisions of this Final Order and the Adequate Assurance Procedures and retains jurisdiction over any disputes with respect thereto.

17.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion to the extent that such actions are not prohibited by the terms of the DIP Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 12]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 ( __ ) |
| | ) |
| Debtors. | ) (Joint Administration |
| | ) Requested) **Ref. Docket No. [●]** |

## ORDER PURSUANT TO 11 U.S.C. §§ 105(a) AND 363
## AUTHORIZING DEBTORS TO PAY PREPETITION CLAIMS OF
## SHIPPERS AND WAREHOUSEMEN AND GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"): (i) authorizing, but not directing, the Debtors to pay certain prepetition claims of Shippers and Warehousemen; and (ii) authorizing financial institutions to receive, process, honor, and pay all checks issued and electronic payment requests made relating to the foregoing, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found

---

[1]    The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7206618

that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and the Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and the Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before the Court (the "Hearing"); and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before the Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Motion is granted.

2.       Subject to any interim or final order approving the Debtors' use of cash collateral and/or any postpetition financing facility, including any documents providing for such debtor in possession financing and the budget governing such debtor in possession financing or use of cash collateral (in either case, a "DIP Order"), the Debtors are authorized, in ~~their sole discretion~~consultation with the Official Committee of Unsecured Creditors (the "Committee"), to pay in the ordinary course of business prepetition Shipping Claims.

3.       The Debtors' payment of prepetition Shipping Claims shall not exceed, in the aggregate, $400,000 unless otherwise ordered by the Court.

4.       All banks and other financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition Shipping Claims approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment; provided, however, that sufficient funds are available in the Debtors' bank accounts to cover such payments; and provided, further, that all such banks and financial

institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

5.      The Debtors are authorized to reissue any check, electronic payment, or otherwise, which was drawn in payment of any prepetition Shipping Claims that are not cleared by a depository.

6.      Payments made in accordance with the relief granted herein shall be delineated in the Debtors financial statements provided to the Committee on an ongoing basis until confirmation of a plan of reorganization in the Debtors' Chapter 11 Bankruptcy Cases (the "Chapter 11 Cases"), dismissal of the Chapter 11 Cases, or conversion of the Chapter 11 Cases to chapter 7 bankruptcy cases.

5.7.    Nothing herein shall impair the Debtors' ability, in their sole discretion, or any other party in interest's ability to contest the validity and amounts of the Shipping Claims.

6.8.    Nothing herein shall prejudice the Debtors' rights to request authority, in consultation with the Committee, to make additional payments to the Shippers and Warehousemen to the extent such additional payments are not prohibited by the terms of the DIP Order.

7.9.    Nothing herein shall be deemed to constitute the postpetition assumption of any executory contract between the Debtors and the Shippers and Warehousemen.

8.10.   Notwithstanding anything to the contrary contained herein, any payment made or to be made under this Order, any authorization contained in this Order, or any claim for which payment is authorized hereunder, shall be subject to the DIP Order.

9.11.   Bankruptcy Rule 6003(b) has been satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

7206618

~~10.~~12. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

~~11.~~13. The requirements of Bankruptcy Rule 6004(a) are waived.

~~12.~~14. The Debtors are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

3

14.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# REDLINE OF PROPOSED ORDER [ECF NO. 17]

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | Case No. 22-11257 (KBO) |
| Debtors. | (Jointly Administered) |

### ORDER (I) AUTHORIZING (A) THE REJECTION OF CERTAIN UNEXPIRED LEASES AND (B) EXECUTORY CONTRACTS, EACH EFFECTIVE AS OF THE PETITION DATE, (II) THE ABANDONMENT OF CERTAIN PERSONAL PROPERTY EFFECTIVE AS OF THE PETITION DATE, AND (III) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the rejection of

(i) certain unexpired leases, including any guaranties thereof and any amendments, modifications,

or subleases thereto (each, a "Lease," and collectively, the "Leases") for nonresidential real property

located at the corresponding premises set forth on **Schedule 1** (the "Premises") attached hereto and

(ii) certain executory contracts, including any guaranties thereof and any amendments

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

7206734

or modifications thereto (each, a "<u>Contract</u>," and collectively, the "<u>Contracts</u>") set forth on **<u>Schedule 2</u>** attached hereto, each effective as of the Petition Date; (b) authorizing the abandonment of certain equipment, fixtures, or other personal property (the "<u>Personal Property</u>") that may be located at the Premises, effective as of the Petition Date; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    Each of the Leases and Contracts set forth on **<u>Schedule 1</u>** and **<u>Schedule 2</u>**, respectively, attached hereto is rejected effective as of the Petition Date.

3.    Any Personal Property that may be located on the Premises is hereby abandoned, with such abandonment being effective as of the Petition Date.

2

4.      Any claims arising out of the rejection of the Leases and Contracts must be filed on or before any deadline established by the Court for filing proofs of claims in these cases for rejection damages. The Debtors and the Official Committee of Unsecured Creditors reserve all rights to contest any rejection damages claim and to contest the characterization of each Lease or Contract. If the Debtors have deposited monies with a counterparty to a Lease or Contract as a security deposit or other arrangement, such counterparty may not setoff or recoup or otherwise use such deposit without the prior authority of the Court.

5.      The Debtors do not waive any claims that they may have against the counterparty to any Lease or Contract, whether or not such claims are related to such Lease or Contract.

6.      Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party-in-interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, lease, or sublease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any other party-in-interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens. Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

7.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

4

7206734

## SCHEDULE 1

**Leases**

7206734

| Lessor Name | Lessor Address | Debtor Lessee | Lease Description |
|---|---|---|---|
| | | | |
| 1688 Investment Group LLC | 12597 Waterside Drive Suite D Alpharetta, GA 30004 | Medly Atlanta Inc. | Real Property Lease dated March 11, 2020, as assigned, for property located at 714 Moreland Ave SE, Atlanta, GA |
| 300 St. Paul Place Tenant LLC | c/o PMC Property Group, Inc. 1608 Walnut Street Ste 1400 Philadelphia, PA 19103 | Medly Baltimore Inc. | Real Property Lease dated April 30, 2020, as amended, for property located at 300 St. Paul Place, Baltimore MD |
| A-1 Automotive Speed Parts, Inc. | 5745 Oak Hollow Ln. Oviedo, FL 32765 | Medly Orlando Inc. | Real Property Lease dated May 1, 2020 for property located at 1809 S. Orange Ave., Orlando, FL |
| Bamboo Investments LLC | 8117 Preston Rd Suite 300 Dallas, TX 75225 | Medly Dallas Inc. | Real Property Lease dated April 7, 2020 for property located at 5625 Maple Ave., Ste 140, Dallas TX |
| BDO 961, L.C. | Cameron Cook 1150 S. Depot Drive Suite 100 Ogden, UT 84404 | Medly Utah Inc. | Real Property Lease dated November 5, 2019 for property located at 961 West 2nd St. Business Depot - Ogden UT |
| Capital Boulevard Shoppes, Inc. | PO Box 464 Raleigh, NC 27602 | Medly Raleigh Inc. | Real Property Lease dated September 25, 2019, as amended, for property located at 3029-105 Capital Boulevard, Raleigh NC |
| CBH Estate Group, LLC | Ryan Hasanali 502 Blue Springs San Antonio, TX 78260 | Medly San Antonio Inc. | Real Property Lease for property located at 13331 Nacodoches Rd., San Antonio TX |
| Damian Family Care Centers, Inc. | Peter Grisafi 89-56 162nd Street, 3rd Flr. Jamaica Queens, NY 11432 | Medly Queens Inc. | Real Property Sublease dated March 2021 for property located at 89-56 162nd St. 1st Flr., Queens NY |
| Doheny Village Partners LLC | c/o Domino Realty 9990 Santa Monica Blvd. Beverly Hills, CA 90212 | Pharmaca Integrative Pharmacy Inc. | Real Property Lease dated April 5, 2010, as amended and assigned, for property located at No- 9101 Olympic Blvd and 365-373 S. Doheny Drive, Beverly Hills, CA |
| Double MLT, LLC | Bill McNary 8333 SE 68th Street Mercer Island, WA 98040 | Pharmaca Integrative Pharmacy Inc. | Standard Retail/Mullti-Tenant Lease - Net dated March 11, 2008, as amended, for property located at 4707 California Avenue SW |
| Five-Town Health Alliance, Inc. | Martha Halnon, CEO 61 Pine Street, Bldg. 4 Suite 100 Bristol, VT 05443 | Medly Bristol Inc. | Real Property Sublease dated October 21, 2021 for property located at 61 Pine Street, Bldg. 4, Bristol VT |
| GAR Realty, LLC | c/o Masotti & Masotti 1100 Summer Street Stamford, CT 06905 | Medly Bedford Ave Pharmacy Inc. | Real Property Lease dated June 2020 for property located at55 Bedford Street, Stamford CT |

| Lessor Name | Lessor Address | Debtor Lessee | Lease Description |
|---|---|---|---|
| J.A.R. Associates, LLC | 64 Triangle Street Danbury, CT 06810 Attn: Anthony M. Rizzo, Jr. | Medly Mail Service Pharmacy LLC | Assignment and Assumption of Lease Agreement dated March 3, 2022 for property located at 185 Grassy Plains Road, Bethel CT |
| Jack A. Peterson, Trustee & Anne Marie Cohen | c/o DeWolf Realty 4330 California Street San Francisco, CA 94118 | Pharmaca Integrative Pharmacy Inc. | Real Property Lease dated January 1, 2002, as amended, for property located at 925 Cole Street, San Francisco CA |
| L&Y Realty Corp. | 3525 Jerome Ave. Bronx, NY 10467 | Medly Bronx Inc. | Real property lease for property located at 3525 and 3549 Jerome Ave., Bronx NY |
| Lago Bello, L.L.C. | 1215 Gessner Road Houston, TX 77055 | Medly Houston Inc. | Real Property Lease dated October 26, 2020 for property located at 2309 Richmond Ave., Houston TX |
| Lincoln Fullerton REIT Property LLC | c/o Hines/McCaffery Manager, LLC 444 West Lake Street Ste 2400 Chicago, IL 60606 | Pharmaca Integrative Pharmacy Inc. | Real Property Lease dated August 5, 2019 for property located at 2311 North Lincoln Ave., Chicago IL |
| Midtown Tampa Retail, LLC | c/o Casto Southeast Realty Services LLC Midtown Asset Mgr. 5391 Lakewood Ranch Blvd., #100 Sarasota, FL 34240 | Medly Tampa Inc. | Real Property Lease dated February 1, 2021 for property located in Midtown Shopping Center |
| Nelvid Corporation | 18 Roseanne Drive Woodbury Park, NY 11797 | Care Well Pharmacy, Inc. | Assignment/Assumption/Modification of Lease dated June 20, 2022 for property located at 1868 Third Ave. NY |
| Pilsen Rentals, LLC | c/o First Western Properties, Inc. 1205 W. Adams Street Suite 101 Chicago, IL 60607 | Medly Chicago Inc. | Real Property Lease dated October 17, 2019 for property located at 2003 W. Cermark Rd. Storefront, Chicago IL |
| Ramon Cruz & Gladys Cruz | 121 Erie Street Jersey City, NJ 07302 | Medly Jersey City Inc. | Commercial Lease Agreement dated July 7, 2020 for property located at 152 Newark Ave., Jersey City NJ |
| Science Park Development Corporation | 5 Science Park New Haven, CT 06511 | Medly Mail Service Pharmacy LLC | Real Property Lease dated March 2, 2021 for property located at Wincheseter Ave., Bulding 5, New Haven CT |
| SLG Graybar Mesne Lease LLC | c/o SL Green Realty Corp. Ex VP, GC, Dir. Lease - Real Prop. 420 Lexington Ave. New York, NY 10170 | Medly Grand Central Station Inc. | Agreement of lease dated November 16, 2020 for property located at 420 Lexington Ave., NY |

| Lessor Name | Lessor Address | Debtor Lessee | Lease Description |
|---|---|---|---|
| SM RET EI, LLC | c/o L&B Realty Advisors, LLP Asset Mgmt. Drue Fitzgerald 5910 N Central Expwy Ste 1200 Dallas, TX 75206 | Medly Pittsburgh Inc. | Real Property Lease dated December 15, 2020 for property located at 521 Liberty Ave., Pittsburgh PA |
| The Redevco Corporation and Mentor Development dba Brownsville Center | 11098 Biscayne Blvd. Ste 103 Miami, FL 33161 | Medly Miami Inc. | Real Property Lease, as assigned, for property located at 2505 NW 54th Street, Miami FL |
| Timberland Town Center LLC | Gramor Development, Inc. 19767 SW 72nd Avenue Suite 100 Tualatin, OR 97062 | Pharmaca Integrative Pharmacy Inc. | Commercial Lease dated March 31, 2014, as amended, for property located at 240 NW Lost Springs Terrace, Suite 36, Portland OR |
| Union Community Health Center | 260 East 188th Street Bronx, NY 10458 | Medly UCHC Pharmacy Inc. | Real Property Lease dated December 1, 2019 for property located at 260 East 188th St., Bronx NY |
| Valisure, LLC | 5 Science Park, 1st Flr. New Haven, CT 06511 | Medly Mail Service Pharmacy LLC | Real Property Sublease dated March 2, 2021 for property located at 5 Science Park, 1st Floor, New Haven CT |

## **SCHEDULE 2**

### **Contracts**

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| Accorian | 6 Alvin Ct, East Brunswick, NJ 08816 | cybersecurity |
| Accreditation Commission for Health Care | Fax a signed copy to (919) 785–3011; or E-mail a signed copy to skearney@achc.org; or Mail Original to: Accreditation Commission for Health Care, Inc., Attn: Shaquetta Kearney, 139 Weston Oaks Ct., Cary, NC 27513 | Specialty Pharmacy Credentialing |
| Agorapulse | Agorapulse SAS, 132 Rue de Rivoli, 75001 Paris France, Email: legal@agorapulse.com | Social Media Management |
| Alkermes Inc. | Alkermes, Inc., 852 Winter Street, Waltham, MA 02451, Attn: Trade Contract Operations With a Copy to: Alkermes, Inc., 852 Winter Street, Waltham, MA 02451, Attn: SVP, Chief Legal Officer | Pharma Mfg |
| AlphaSense | 24 Union Square East, 6th Floor, New York, NY 10003 USA | Research, insights |
| Altaro | 55 Baker Street London W1U 7EU United Kingdom | Microsoft 365 Backup |
| AnswerConnect | clientservices@answerconnect.com | Telephone answering service |
| Apexus LLC | 290 E John W Carpenter Fwy, Irving, TX 75062 | 340B Vendor Support |
| Aptible, Inc | 548 Market Street Suite 75826 San Francisco, CA 94104 | Cloud Security and Deployment Platfrom |
| Aspire Technology Partners, LLC | 25 James Way, Eatontown, NJ 07724 | Consultants |
| ATLASSIAN | 350 Bush Street Floor 13 San Francisco, CA 94104 USA | Planning, Ticketing and Documentation for Software Development |
| Avtex | 3500 American Blvd W #300, Bloomington, MN 55431 | Telecom |
| Avtex Solutions, LLC | Michelle Doy (Account Manager) email - mdoy@avtex.com, Legal: legal@genesys.com, Address: Avtex, 3500 American Blvd W Ste 300 Minneapolis, MN, 55431-4442 United States | Telecom |
| BambooHR | 335 S 560 W, Lindon, UT 84042 | Former HRIS System |
| Bill.com | San Jose Headquarters 6220 America Center Drive, Suite 100 | Accounting/Financial |
| Bitly | 1860 Blake St. Suite 650. Denver, CO 80202 | IT Products & Services |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| Braze, Inc. | 330 W 34TH St FL 18 New York, NY, 10001-242 | Brand Marketing |
| Bugsnag.com | 110 Sutter St, Suite 1000. San Francisco, CA 94104 | Software bug capture and reporting platfrom |
| Bynder LLC | 321 Summer Street, 1st Floor, MA 02210 Boston, USA | digital marketing |
| Cacoo | City Hall Park, New York, NY 10007 | design software |
| CBT Nuggets, LLC | 1550 Valley River Dr, Eugene, Oregon, 97401, United States | training software platform |
| CDW Direct | 200 N Milwaukee Ave., Vernon Hills, IL 60061 | IT Products & Services, Microsoft & Azure Hardware |
| Chaya Prasad Pola | Personal address redacted | Employment Agreement dated January 29, 2020 |
| Cisco Meraki | 500 Terry A Francois Blvd, San Francisco HQ | IT Products & Services |
| Cleverbridge | 350 N Clark St Ste 700 Chicago, IL, 60654-4782 | eCommerce Automation |
| ClickUp | 350 Tenth Ave Suite 500, San Diego, CA 92101 | task mgmt |
| CloudFlare | 101 Townsend Street, San Francisco, California | cybersecurity |
| Culture Amp Inc. | 1 Whitehall St 18th floor, New York, NY 10004 | Engagement Survey Platform |
| Data Meaning Services Group Inc. | 2255 Glades Rd Suite 324 A, Boca Raton, FL 33431 | Data Solutions |
| Datadog | 620 8th Avenue, Floor 45, New York, NY 10018 | Cloud Monitoring |
| Delighted, LLC | Joshua Heintz (Account Executive) email - jheintz@qualtrics.com | IT Products & Services |
| Delivery Scheduler | 4500 Southgate Place Suite 300. Chantilly, VA 20151 | Delivery Planning |
| Dialpad | 3001 Bishop Drive Suite 400A San Ramon, CA 94583 | Conference Calling |
| Docker, Inc. | 144 TOWNSEND STREET SAN FRANCISCO CA 94107 | Virtualization |
| DocuSign, Inc. | 221 MAIN ST., SUITE 1550 SAN FRANCISCO CA 94105 | Contract Support |
| Elsevier | 1600 John F Kennedy Blvd #1800, Philadelphia, PA 19103 | Pharmacy Data Provider |
| ESHARES INC | 195 PAGE MILL ROAD #101 PALO ALTO CA 94306 | Carta (Share Options) |
| eTribeca, LLC. | 134 W 26th St 8th Floor, New York, NY 10001 | Hardware |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| Expensify | 548 MARKET STREET, #61434 SAN FRANCISCO CA 94104 | Expense Management |
| Faye Business Systems Group, Inc. | 5950 Canoga Ave #615, Woodland Hills, CA 91367 | Consulting |
| Figma | 116 NEW MONTGOMERY STREET SUITE 400 SAN FRANCISCO CA 94105 | Figma design editor |
| Flagsmith | 4th Floor, 86-90 Paul St, London, EC2A 4NE. | Remote Configuration |
| Formstack LLC | 11671 Lantern Road Suite 300 Fishers, IN 46038 | Digital workflow system |
| Freshworks Inc. | Email: sales@freshworks.com \| support@freshworks.com | IT/HR Ticketing |
| Gateway | 7565 Irvine Center Drive Irvine, CA 92618 | Computer hardware |
| GitHub | 88 Colin P Kelly Junior Street San Francisco, CA 94107 USA | Project Management Tool |
| Global Language Connections | Priya Morioka (COO) email - pmorioka@gargaarfs.org, Address: Global Language Connections 3618 East Lake Street, Minneapolis, MN 55406 | Pharmacy Language Translator |
| Guru Technologies, Inc | Amy Pierce (Account Executive) email - apierce@getguru.com, Address: Guru, 121 S. BROAD ST., 11TH FLOOR PHILADELPHIA, PA 19107 | Software Development |
| Heap | 505 Clermont Ave, Brooklyn, NY 11238 | Web analytics |
| HireVue, Inc. | 10876 SOUTH RIVER FRONT PARKWAY SUITE 600 SOUTH JORDAN UT 84095 | Recruiting support |
| IBSA Pharma Inc. | Mail to: IBSA Pharma Inc., 8 Campus Drive, Suite 201, Parsippany, NJ 07054, Attn: Dennis Rodrigues, Copy e-mail: E mail: dennis.rodrigues@ibsapharma.com | Pharma Mfg |
| IntelligenceNode Consulting PVT LTD | Boston House, 201, 2nd floor, Suren Rd, Chakala, Andheri East, Mumbai, Maharashtra 400093, India | Pricing tool |
| Jean-Christophe Peyre | Personal address redacted | Employment Agreement dated November 28, 2021 |
| Lattice | 360 Spear St., San Francisco | Performance Management Platform |
| LexisNexis | 16815 Von Karman Ave, Ste 135. Irvine, CA 92606 | Pharmacy Data Provider |
| Linkedin | 605 W Maude Ave, Sunnyvale, CA 94085, USA | Recruiting resource / Employer Branding |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| LOGMEIN | 320 SUMMER STREET, SUITE 100 BOSTON MA 02210 | Secure Remote Software |
| Lucid Software Inc. | 10355 S Jordan Gateway #150, South Jordan, UT 84095 | org chart software |
| MailChimp | The Rocket Science Group, LLC 675 Ponce de Leon Ave NE Suite 5000. Atlanta, GA 30308 USA. | Marketing Service |
| Mayne Phrarma Inc. | Mayne Pharma Inc., 1240 Sugg Parkway, Greenville, NC 27834 ("Mayne Pharma"), Attn: Brant Schofield | Pharma Retailer |
| Micro Merchant Systems Inc | 6800 Jericho Turnpike Suite 203E, Syosset, NY 11791 | Pharmacy Management System |
| Motus LLC | 1 Beacon Street Boston, MA 02108 | Expense Reimbursement |
| N-able Solutions ULC | 450 March Road, Ottawa | IT Management Tools |
| Narvar | 3 East Third Avenue, Suite 211, San Mateo, CA 94401 | Medly ecommerce shipping support |
| NDC Health Corporation D/B/A Relay Health | RelayHealth, 1564 N.E. Expressway, Atlanta, GA 30329-2010, ATTN: Legal Department | Pharmacy Data Provider |
| OmniSYS, LLC | OmniSYS, LLC, 15950 Dallas Parkway, Suite 350, Dallas, TX 74248 - Attention: Contract Notices - E-mail Copy to : ContractNotices@omnisys.com | Pharmacy Medical Billing Provider |
| Onfleet, Inc. | San Francisco. 703 Market Street. 20th Floor | delivery software |
| Order Design | 212 Franklin St, Brooklyn, NY 11222 | marketing branding |
| PAAS National Portal | 160 Business Park Circle, Stoughton, WI 53589 | Former Pharmacy Compliance platform |
| PAGERDUTY, INC. | 600 Townsend St #200, San Francisco HQ | 24x7 Incident Management & resolution |
| PaperTrail | 1625 BROADWAY SUITE 20-4242 SEATTLE, WA | Log Management |
| Parallels | 110 110th Ave NE 410, Bellevue, Washington, 98004, United States | MacOs Virtualization Software |
| Parata | 106 Roche Dr. Durham, NC 27703 | Pharmacy Automation |
| Pardot | The Landmark at One Market, San Francisco | Salesforce |
| Payscale pay factors | 113 Cherry St. Suite 96140 Seattle, WA 98104 | Compensation Benchmarking Resource |
| Pendo.io, Inc | 301 Hillsborough St, Raleigh, NC 27603 | Product engagement platform to improve products |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| Pluralsight | 60 State Street Suite 800. Boston, MA 02109 | Learning Management Software |
| Polymer Solutions, Inc. | 11 St Albans Ave, Newtown Square, PA 19073 | Independent materials testing lab |
| Portier LLC | 1455 Market Street, Suite 400, San Francisco, CA 94103 | eCommerce Delivery Support |
| Prescribe Wellness | PrescribeWellness \| 9701 Jeronimo Road, Suite 300, Irvine, CA 92618 \| 800.960.8147, accounting@prescribewellness.com | Pharmacy Data Provider |
| QlikTech Inc | Suite 500, 211 South Gulph Road, King of Prussia, Pennsylvania, 19406 | Data Analytics Hub |
| Radius Health Inc. | Radius Health, Inc., 550 E. Swedesford Road, Third Floor, Wayne, PA 19087, Attention: SVP, Market Access - With a copy to: Radius Health, Inc. 950 Winter Street, Waltham, MA 02451 Attn: General Counsel, E-mail : notices@radiuspharm.com | Pharma Mfg |
| RallyBright, Inc | 7801 Lonesome Pine Ln, Bethesda, MD 20817 | Assessment and Leadership Development Platform |
| RBS Solutions LLC | Robert Jeffrey, RBS Solutions LLC, 463 Lexington Ave. #3, Brooklyn, NY, 11221 | Consultant/Credential Firm for Rx |
| ROADMUNK.COM | 48 Ontario St N, Kitchener, ON N2H 4Y4, Canada | Product Roadmapping |
| Salesforce.com Inc | SALESFORCE TOWER 415 MISSION STREET 3RD FL SAN FRANCISCO CA 94105 | Sales team CRM |
| Salsify Inc | 101 Federal St #2600, Boston, MA 02110 | ecommerce content |
| Secure Identity, LLC | 65 East 55th Street 17th Floor New York, NY | CLEAR - Travel Services |
| Sentry | 1800 North Point Drive, Stevens Point, WI 54481 | Engineering Log Management |
| SHI | 290 Davidson Avenue Somerset, NJ 08873 | JetBrains/Telerik |
| ShipStation | 3800 N Lamar Blvd 220, Austin, Texas, 78756 | delivery shipping |
| Shopify Inc. | Legal Department 151 O'Connor Street Ground Floor Ottawa, Ontario K2P 2L8 | eCommerce Support |
| Slack Technologies Inc | 500 Howard Street San Francisco, CA 94105 USA | communication tool |
| SmartSense by Digi | 186 Lincoln St #8, Boston, MA 02111 | Remote temperature monitoring system |
| Smartsheet | 500 108th Ave NE, #200. Bellevue, WA 98004 | SaaS spreadhseet |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| SmartyStreets | 2335 S State St. #300. Provo, Utah, 84606 | Address Verification Service |
| Snowflake | 450 Concar Drive San Mateo, CA 94402 | Data warehouse |
| Snyk Inc. | 100 Summer St, Floor 7, Boston, MA 02110, USA | Developer security |
| SolarWinds | 7171 Southwest Parkway Building 400 Austin, TX 78735 | IT Management Software |
| SOTi Inc. | 6975 Creditview Rd Unit 4, Mississauga, ON L5N 8E9, Canada | Mobile Operations Connectivity |
| Splashtop.com | 10050 North Wolfe Road, Suite SW2-S260 Cupertino, CA 95014 | remote access - troubleshooting |
| Stamps.com | 1990 E Grand Ave, El Segundo, CA | Stamp Subscription |
| Stripe | 354 Oyster Point Blvd South San Francisco, CA 94080 | Payment gateway |
| Stripo | 231 N Lake Merced Hills,. San Francisco, CA 94132 | Marketing / Newsletter Platform |
| Syed Husain | Personal address redacted | Employment Agreement dated November 5, 2021 |
| TABLEAU SOFTWARE, INC. | NorthEdge 1621 N 34th St. Seattle, WA 9810 | Data Analytics |
| TherapeuticsMD | TherapeuticsMD, Inc., 951 Yamato Road, Suite 220, Boca Raton, FL 33431 | Pharma Mfg |
| Thomson Reuters Corporation | 633 W. 5th St., Suite 2300. Los Angeles, CA 90071 | Media |
| Tray.io, Inc. | 25 Stillman St, San Francisco, California, 94107, United States | Software applications integration using automated workflows. |
| TripActions | 3045 Park Blvd, Palo Alto, CA 94306 | Travel app |
| Verify Comply | 9600 Escarpment Blvd Ste 745-148, Austin, Texas, 78749 | Former Pharmacy Compliance Platform |
| Virtru Corporation | United States, Washington, 1130 Connecticut Ave NW #210 | Secure email |
| Waydev | 2021 Fillmore St #34, San Francisco, CA 94115 | Engineering |
| Webflow | 398 11th Street, Floor 2, San Francisco, CA 94103 | Website builder |
| Whilshire Pharmaceuticals Inc & Arbor Pharmaceuticals | Wilshire Agreements: Wilshire Pharmaceuticals, Inc., Attn: President, Six Concourse Parkway, Suite 1800, Atlanta, GA 30328 with a copy to the Legal Departmennt at the same address Arbor EZ Rx Agreements: Arbor Pharmaceuticals, Attn: Vice President, Commercial Operations, Six Consourse Parkway, Ste 1800, Atlanta, GA 30328, Fax:  470-235-2404 | Pharmacy Support |

| Counterparty Name | Counterparty Address | Contract Description |
|---|---|---|
| Workday Inc | 3350 Peachtree Road, N.E.. Suite 1000. Atlanta, GA 30326 | HRIS & Finance System |
| Wunderkin(formerly Bounce X) | 285 Fulton St, Floor 74, New York, NY 10007 | email Marketing |
| XSI Retail Partners | XSI 300-204 Saint-Sacrement, Montreal, QC, H2Y1W8, Canada, Tel: 1-800-614-9632 | POS System |
| Yext | 61 Ninth Avenue, New York, NY 10011 | eCommerce Listing Service |
| Zendesk | Belen Martinez (Account Executive) email - belen.martinez@zendek.com, Sabrina Hernandez (Leadership contact) email - sabrina.hernandez@zendesk.com, Address: Zendesk, 989 Market St, San Francisco, CA 94103 | Customer Service Ticketing System |
| Zenduty | No 1678, 3rd Floor, Zee Plaza, 27th Main Rd, Sector 2, HSR Layout, Bengaluru, Karnataka 560102, India | oncall scheduling |
| ZeroHeight | 115 Beacon Pt 12, London, Greater London, SE10 9GD, United Kingdom | Design Documentation |
| Zipwhip.com | 300 Elliott Ave W # 500, Seattle, WA 98119 | Texting for Business |
| ZOHO Corporation | 140 & 151, GST Road, Vallancherry Village, Chengalpattu Taluk, Kanchipuram District 603 202. | Customer Service Ticketing System |
| Zoom | 55 Almaden Blvd 6th Floor San Jose, CA 95113 | Virtual Meeting Software |