# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Docket No. 117** |

**DEBTORS' MOTION TO SHORTEN NOTICE PERIOD WITH RESPECT
TO DEBTORS' MOTION FOR ENTRY OF AN ORDER
(I) AUTHORIZING PRIVATE SALE OF CERTAIN ASSETS OF
DEBTORS TANGO340B, LLC, KHORA HEALTH SOLUTIONS, INC.,
AND RPH INNOVATIONS, LLC; (II) APPROVING THE TERMS
OF THE PURCHASE AND SALE AGREEMENT; (III) AUTHORIZING
ASSUMPTION AND ASSIGNMENT OF ASSUMED CONTRACTS
AND (IV) GRANTING RELATED RELIEF**

The above-referenced affiliated debtors and debtors in possession (together, the "Debtors") hereby file this motion to shorten notice (the "Motion to Shorten") of the *Debtors' Motion for Entry of an Order (I) Authorizing Private Sale of Certain Assets of Debtors Tango340b, LLC, Khora Health Solutions, Inc., and RPH Innovations, LLC; (II) Approving the Terms of the Purchase and Sale Agreement; (III) Authorizing Assumption and Assignment of Assumed Contracts and (IV) Granting Related Relief* [Docket No. 117] (the "Tango Sale Motion").[2] In

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Tango Sale Motion.

support of this Motion to Shorten, the Debtors, by and through their undersigned counsel, respectfully state as follows:

## Jurisdiction, Venue and Predicates for Relief

1. This Court has jurisdiction to consider this Motion to Shorten under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (Sleet, C.J.). This is a core proceeding under 28 U.S.C. § 157(b). Venue of these chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), rule 9006(c)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

3. By this Motion to Shorten, the Debtors request entry of an order (the "Proposed Order"): (i) shortening notice of the Tango Sale Motion, (ii) setting a hearing on the Tango Sale Motion on January 13, 2023 (the "Tango Sale Hearing"), (iii) setting the deadline to file objections, if any, to the Tango Sale Motion as 4:00 p.m. (prevailing Eastern Time) the day prior to the Tango Sale Hearing (the "Objection Deadline"), and (iv) granting such other and further relief as the Court deems just and proper.

**Basis for Relief**

4. Local Rule 9006-1(c)(i) provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Bankruptcy Rule 2002 requires 21-days' notice be provided for "a proposed use, sale, or lease of property of the estate other than in the ordinary course of business, unless the court for cause shown shortens the time or directs another method of giving service." Fed. R. Bankr. P. 2002(a)(2). Local Rule 9006-1(e) further provides, in pertinent part, that "no motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by Order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-1(e). Local Rule 9006-1(c)(ii) requires that "the deadline for objection(s) shall be no later than seven (7) days before the hearing date." *Id.* 9006-1(c)(ii).

5. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an ex parte basis. *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."). *See also In re Chateaugay Corp.*, 111 B.R. 399, 407-08 (S.D.N.Y. 1990) (affirming bankruptcy court's decision to shorten notice period where there was no prejudice to the non-moving party and cause was shown). Ample cause exists to shorten the notice period for the Motion.

6. As described more fully in the Tango Sale Motion, and as discussed on the record at the hearing in these cases held on January 3, 2023 (the "January 3rd Hearing"), expedited consideration of the sale ("Sale") of the 340B Drug Pricing Program business (the "340B Business") of Debtors Tango340B, LLC ("Tango"), Khora Health Solutions, Inc., and RPH Innovations, LLC is critically important for the Debtors.

7. The Debtors filed the Tango Sale Motion on December 28, 2022. The Court initially scheduled a hearing on the Tango Sale Motion for January 24, 2023. As described on the record at the January 3rd Hearing, circumstances have changed such that the Debtors can no longer wait until January 24th for a hearing on the Tango Sale Motion. The main drivers are twofold: *First*, the Debtors' DIP budget contemplated that by now the Debtors would have closed not only the Sale of the 340B Business, but also a sale of certain Medly prescriptions lists, for a purchase price of $3 million (the "Scrip Sale"). As the Debtors informed the Court at the January 3rd Hearing, the last potential buyer for the Scrip Sale determined this week not to proceed. The loss of the Scrip Sale has placed the Debtors in a precarious cash position with the Debtors facing a $3 million plus shortfall in their budget.

8. The Debtors will receive $1 million at the closing of the Sale plus additional accounts receivable collected over several months. There is a critical need to close the Sale and obtain the $1 million cash purchase price for the 340B Business as quickly as possible given the loss of the Scrip Sale. Approval of both the Sale and the Scrip Sale were not only milestones under the Debtors' DIP financing, they were critical to the Debtors' calculation of their DIP budget as the Debtors expected to have already received $4 million in proceeds.

4

9. *Second*, as the Debtors also informed the Court at the January 3rd Hearing, the Debtors had kept their four Medly pharmacies open pending the Scrip Sale, as the operations were necessary to preserve the prescription lists to be sold. Now that the Scrip Sale has been abandoned, the Debtors are commencing this week the shut-down of their remaining Medly pharmacies.

10. The Medly pharmacies operate at roughly a $500,000 per week loss. By closing the Medly pharmacies, the Debtors hope to stem that bleeding. Unfortunately, as the Debtors' CEO testified at the January 3rd Hearing, certain elements and employees of the Medly pharmacy operations must remain operational until the 340B Business is sold. These Tango/340B related expenses run approximately $150,000 per week. The Debtors simply cannot afford to wait until January 24th for a hearing to consider the Sale as each day materially diminishes the value of the Sale as the Debtors suffer on-going losses.

11. The Debtors will serve the Tango Sale Motion by email (where known) and by overnight mail or hand delivery to parties where email is not known, including all contract counterparties. The Debtors respectfully submit that the shortened notice will not substantially prejudice any party in interest and is critical for the Debtors' estates to realize value from the Sale.

**Compliance with Local Rule 9006-1(e)**

12. Before filing this Motion to Shorten, which the Court requested at the January 3rd Hearing that the Debtors do, counsel to the Debtors notified the Office of the United States Trustee (the "UST") and counsel to the Official Committee of Unsecured Creditors (the "Committee"). Counsel to the Committee advised the Debtors that the Committee does not

currently consent to shortened notice but discussions are on-going. The Debtors understand the UST does not consent to the shortened notice.

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order granting the relief sought herein and grant such other and further relief as may be just and proper.

| | |
|---|---|
| Dated: January 4, 2023 | PACHULSKI STANG ZIEHL & JONES LLP |
| | */s/ Laura Davis Jones* |
| | Laura Davis Jones (DE Bar No. 2436) |
| | David M. Bertenthal (CA Bar No. 167624) |
| | Timothy P. Cairns (DE Bar No. 4228) |
| | 919 North Market Street, 17th Floor |
| | P.O. Box 8705 |
| | Wilmington, Delaware 19899-8705 (Courier 19801) |
| | Telephone: 302-652-4100 |
| | Facsimile: 302-652-4400 |
| | email: ljones@pszjlaw.com |
| |         dbertenthal@pszjlaw.com |
| |         tcairns@pszjlaw.com |
| | *Proposed Counsel for the Debtors and Debtors-in-Possession* |