**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| MEDLY HEALTH INC., *et al.*,[1] ) | Case No. 22-11257 (KBO) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| | **Ref. Docket Nos. 9 and 64** |

**FINAL ORDER: (I) AUTHORIZING THE PAYMENT OF CERTAIN TAXES AND FEES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order"):  (a) authorizing the Debtors to remit and pay (or use tax credits to offset) Taxes and Fees; and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

determined that the relief requested in the Motion is necessary to the ongoing orderly operation of the Debtors' business and is in the best interests of the Debtors, their estates, and their creditors; and the Court having entered an interim order on the Motion [Docket No. 64] and notice of a final hearing having been provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and good and sufficient cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on a final basis as set forth in this Final Order.

2. The Debtors are authorized, but not directed, on a final basis, to: (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy, the Taxes and Fees that arose or accrued prior to the Petition Date and that will become due and owing in the ordinary course of business during the pendency of the Chapter 11 Cases at such time when the Taxes and Fees are payable; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business on a postpetition basis—including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to Audits, or paying any Taxes and Fees arising as a result of Audits.

3. The Debtors are authorized, but not directed, to make payments to Avalara for processing of Sales and Use Tax payments and to pay any fees that become due and owing to Avalara in the ordinary course of business.

4. All applicable banks and other financial institutions, as well as Avalara, are authorized to receive, process, honor, and pay any and all prepetition checks or by automated clearinghouse payment issued by the Debtors for the payment of Taxes and Fees approved herein, whether prior to or after commencement of the Chapter 11 Cases.

5. The Debtors are authorized, consistent with this Final Order, to issue postpetition

checks or to effect postpetition automated clearinghouse requests in replacement of any checks or automated clearinghouse requests relating to taxes that were dishonored or rejected.

6. Payments made in accordance with the relief granted herein shall be delineated in the Debtors' financial statements provided to the Official Committee of Unsecured Creditors on an ongoing basis until confirmation of a plan of reorganization in the Debtors' Chapter 11 Bankruptcy Cases (the "Chapter 11 Cases"), dismissal of the Chapter 11 Cases, or conversion of the Chapter 11 Cases to chapter 7 bankruptcy cases.

7. Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Final Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

8. Nothing in the Motion, this Final Order, or the Debtors' payment of any claims pursuant to this Final Order, shall be construed as: (i) an admission as to the validity of any claim against any Debtor or the existence of any lien against the Debtors' properties; (ii) a waiver of the Debtors' or any other party in interest's rights to dispute any claim or lien on any grounds; (iii) a promise to pay any claim; (iv) an implication or admission that any particular claim would constitute an allowed claim; (v) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (vi) a limitation on the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Final Order. Nothing contained herein or in the Motion shall be deemed to increase, decrease, reclassify, elevate to an administrative expense status, or otherwise affect any claim to the extent that it is not paid.

9. Nothing herein shall impair any right of the Debtors or any other party in interest to dispute or object to any taxes asserted as owing to the Taxing Authorities or those parties who

ordinarily collect the Prepetition Tax Obligations as to amount, liability, classification, or otherwise.

10. Notwithstanding Bankruptcy Rules 6004, the terms and conditions of this Final Order shall be immediately effective and enforceable. To the extent the 14-day stay of Bankruptcy Rule 6004(h) may be construed to apply to the subject matter of this Order, such stay is hereby waived.

11. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and Local Rule 9013-1(m) are satisfied by such notice.

12. To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

13. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14. This Court shall retain jurisdiction over any and all matters arising from the interpretation, implementation, or enforcement of this Final Order.

**Dated: January 6th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**