IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | ) ) ) | Case No. 22-11257 (KBO) |
| Debtors. | ) ) ) ) | (Jointly Administered) **Re: Docket Nos. 10 and 65** |

**FINAL ORDER (I) AUTHORIZING THE DEBTORS TO
(A) CONTINUE INSURANCE COVERAGE ENTERED INTO
PREPETITION AND SATISFY PREPETITION OBLIGATIONS RELATED
THERETO AND (B) RENEW, AMEND, SUPPLEMENT, EXTEND, OR PURCHASE
AND FINANCE INSURANCE POLICIES AND (II) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors"), seeking entry of a final order (this "Final Order"), authorizing the Debtors to: (i) authorizing, but not directing, the Debtors to continue their existing Insurance Policies; (ii) authorizing, but not directing, the Debtors to pay certain (A) prepetition Insurance Obligations, and (B) postpetition Insurance Obligations in the ordinary course of business; (iii) authorizing the Debtors to renew, amend, supplement, extend, or purchase and finance insurance policies in the ordinary course; (iv) authorizing the Debtors to honor Surety Obligations, to the extent necessary; and (v) granting related relief, all as more fully set forth in

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Motion; and upon consideration of the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having entered an interim order on the Motion [Docket No. 65] and notice of a final hearing having been provided; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.   The Motion is granted on a final basis as set forth herein.

2.   The Debtors are hereby authorized, but not directed, to pay, in their sole discretion and in the ordinary course of their business, all premiums, claims, deductibles, retrospective adjustments, administrative and broker's fees and all other obligations related to the Insurance Policies and Surety Bonds on account of such prepetition obligations without further order of this Court, and the Debtors are authorized to pay and honor any postpetition Insurance Obligations in connection with the Insurance Policies and any postpetition Surety Obligations in connection with Surety Bonds as such obligations come due in the ordinary course of business.

3.   The Debtors are hereby authorized, but not directed, to: (a) maintain their Insurance Policies and Surety Bonds without interruption, on the same basis and in accordance with the same practices and procedures that were in effect prior to the Petition Date and in the ordinary course of

their business, in their business judgment and at their sole discretion; and (b) maintain their Surety Bonds in accordance with practices and procedures that were in effect before the commencement of these chapter 11 cases, including but not limited to, paying all prepetition and postpetition amounts due in connection with the Surety Bonds, renewing or securing new surety bonds, posting collateral, honoring indemnity agreements, or canceling any outstanding Surety Bonds.

4. The Debtors are authorized, but not directed, to renew, amend, supplement, extend, or purchase insurance policies, and to enter into, renew, amend, supplement, or extend premium financing agreements as necessary, and to the extent that the Debtors determine that such action is in the best interest of their estates in consultation with the Official Committee of Unsecured Creditors.

5. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief, nothing in this Final Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

6. Each of the banks and financial institutions at which the Debtors maintain their accounts relating to the payment of the Insurance Obligations and Surety Obligations are authorized to (a) receive, process, honor, and pay all checks presented for payment and to honor all funds transfer requests made by the Debtors related thereto, to the extent that sufficient funds

are on deposit in those accounts and (b) accept and rely on all representations made by the Debtors with respect to which checks, drafts, wires, or automated clearing house transfers should be honored or dishonored in accordance with this or any other order of this Court, whether such checks, drafts, wires, or transfers are dated before, on, or after the Petition Date, without any duty to inquire otherwise.

7. The Debtors are authorized, but not directed, to issue new postpetition checks, or effect new electronic funds transfers, on account of the Insurance Obligation or Surety Obligations, and to replace any prepetition checks or electronic fund transfer requests that may be lost or dishonored or rejected as a result of the commencement of the Debtors' chapter 11 cases.

8. Adequate notice of the Motion has been provided under the circumstances. Such notice satisfies the requirements of Bankruptcy Rule 6004(a). Notwithstanding Bankruptcy Rule 6004(h), 7062 and 9014, the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: January 6th, 2023
Wilmington, Delaware

KAREN B. OWENS
UNITED STATES BANKRUPTCY JUDGE