**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| | ) |
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 (KBO) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Related Docket No. 94** |

**ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI**
**STANG ZIEHL & JONES LLP AS COUNSEL FOR THE DEBTORS**
**EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the application (the "Application")[2] of the above-captioned

debtors and debtors in possession (collectively, the "Debtors") seeking authorization to employ

and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the

Debtors; and upon (i) the Rule 2016 Statement, (ii) the Jones Declaration, and (iii) the

Meerovich Declaration, which were submitted concurrently with the Application; and the Court

being satisfied, based on the representations made in the Application, the Rule 2016 Statement,

the Jones Declaration, and the Willis Declaration that PSZ&J does not represent or hold any

interest adverse to the Debtors or the Debtors' estates with respect to the matters upon which it is

to be engaged, and is disinterested as that term is defined under section 101(14) of the

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); and West Campbell Pharmacy Inc. (2931).  The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2]   Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

Bankruptcy Code, and as modified by section 1107(b) of the Bankruptcy Code, and that the

employment of PSZ&J is necessary and in the best interests of the Debtors and the Debtors'

estates; and that the district court has jurisdiction over the Application under 28 U.S.C. § 1334,

which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of

Reference* from the United States District Court for the District of Delaware, dated February 29,

2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C.

§ 157(b)(2), and that this Court may enter a final order consistent with Article III of the United

States Constitution; and this Court having found that venue of this proceeding and the

Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

having found that the Debtors' notice of the Application and opportunity for a hearing on the

Application were appropriate and no other notice need be provided; and this Court having

reviewed the Application; and after due deliberation and good and sufficient cause appearing, it

is HEREBY ORDERED THAT:

1.     The Application is granted as set forth herein.

2.     Pursuant to section 327(a) of the Bankruptcy Code, the Debtors are authorized to

employ and retain the Firm as counsel, effective as of the Petition Date, on the terms set forth in

the Application, the Rule 2016 Statement, the Jones Declaration, and the Willis Declaration.

3.     The Firm shall apply for compensation for professional services rendered and

reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in

compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the

Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

PSZ&J shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013 (the "Revised UST Guidelines"), both in connection with this Application and any interim and final fee application to be filed by PSZ&J in these Chapter 11 Cases.

4.      Notwithstanding anything in the Application or any supporting declarations to the contrary, PSZ&J shall seek reimbursement from the Debtors' estates for its engagement-related expenses at the firm's actual cost paid.

5.      Notwithstanding anything in the Application or the supporting declarations to the contrary, PSZ&J shall, to the extent that PSZ&J uses the services of independent contractors, subcontractors, or employees of foreign affiliates or subsidiaries (collectively, the "Contractors") in these cases, pass through the cost of such Contractors to the Debtors at the same rate that PSZ&J pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for PSZ&J; and (iv) file with this Court disclosures pertaining to such use required by Bankruptcy Rule 2014.

6.      The Debtors are authorized to take all steps necessary or appropriate to carry out the relief granted in this Order.

7.      PSZ&J shall not seek reimbursement of any fees or costs arising from the defense of its fee applications in the above-captioned cases.

DOCS_DE:241689.4 56185/001

8.      Within seven (7) days after any qualified bid deadline in these chapter 11 cases, PSZ&J will disclose through a supplemental declaration the identities of all bidders not disclosed prior to entry of this Order and the connections of PSZ&J to such potential counterparties.

9.      The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: January 6th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:241689.4 56185/001