IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 (KBO) |
| Debtors. | ) (Jointly Administered) |
|  | ) Ref. Docket No. 99 |

### ORDER ESTABLISHING PROCEDURES FOR INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROFESSIONALS

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for the entry of an order (this "Order"), authorizing the Debtors to establish procedures for interim compensation and reimbursement of expenses for professionals and official committee members, as more fully set forth in the Motion; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and that the district court has jurisdiction over the Motion under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court being able to issue a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing having been scheduled and, to the extent necessary, held to consider the relief requested in the Motion; and the Court having found and determined that the relief requested in the Motion is in the best interests of Debtors, their estates and creditors, and any parties in interest; and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. Except as may otherwise be provided in an order of this Court authorizing the retention of specific Retained Professionals, all Retained Professionals in these chapter 11 cases retained by the Debtors or any Committee may seek interim payment of compensation and reimbursement of expenses in accordance with the following procedures (collectively, the "Compensation Procedures"):

    a. After the 20th day of each calendar month, each Retained Professional may file an application (a "Monthly Fee Application") with the Court for interim approval and allowance of compensation for services rendered and reimbursement of expenses incurred during any preceding month or months, and serve a copy of such Monthly Fee Application by first class mail on each of the following parties (collectively, the "Notice Parties"):

        (1) counsel to the Debtors, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, (Attn: Laura Davis Jones (ljones@pszjlaw.com);

        (2) counsel to the DIP Lenders, McDermott Will & Emery LLP, One Vanderbilt Avenue, New York, NY 10017-3852, Attn.: Darren Azman and Riley T. Orloff (dazman@mwe.com and rorloff@mwe.com);

    (3)    counsel to Silicon Valley Bank, Morrison & Foerster LLP, 200 Clarendon Street, Floor 21 Boston, MA 02116, Attn: Alexander G. Rheaume (ARheaume@mofo.com), and 250 West 55th Street, Floor 20 New York, NY 10019, Attn: Seth J. Kleinman & Miranda Russell (SKleinman@mofo.com and MRussell@mofo.com);

    (4)    the Office of the United States Trustee, 844 King Street, Suite 2207 Lockbox 35, Wilmington, DE 19801, Attn: Linda Casey (linda.casey@usdoj.gov); and

    (5)    counsel to the Committee, Porzio, Bromberg & Newman, P.C., 300 Delaware Avenue, Suite 1220, Wilmington, DE 19801, Attn: Warren J. Martin, Jr. (wjmartin@pbnlaw.com), Robert M. Schechter (rmschechter@pbnlaw.com), and Kelly D. Curtin (kdcurtin@pbnlaw.com).

b. Each Notice Party will have twenty-one (21) days after service of a Monthly Fee Application (the "Objection Deadline") to object to the requested fees and expenses in accordance with the procedures described in subparagraph (c) below. Upon the expiration of the Objection Deadline, each Retained Professional may file with this Court a certificate of no objection (a "CNO") with respect to the unopposed portion of the fees and expenses requested in its Monthly Fee Application. After a CNO is filed, the Debtors are authorized to pay the applicable Retained Professional an amount (the "Actual Monthly Payment") equal to the lesser of (i) 80% of the fees and 100% of the expenses requested in the Monthly Fee Application (the "Maximum Monthly Payment") or (ii) 80% of the fees and 100% of the expenses not subject to an objection pursuant to subparagraph (c) below.

c. If any Notice Party objects to a Retained Professional's Monthly Fee Application, it must, on or before the expiration of the Objection Deadline, file with this Court and serve on such Professional and each other Notice Party a written objection (an "Objection") so as to be received on or before the Objection Deadline. Any such Objection shall identify with specificity the objectionable fees and/or expenses, including the amount of such objected to fees and/or expenses, and the basis for such Objection. Thereafter, the objecting party and the affected Retained Professional may attempt to resolve the Objection on a consensual basis. If the parties are unable to reach a resolution within fifteen (15) days after service of the Objection, the affected Retained Professional may either: (i) file a response to the Objection with this Court, together with a request for payment of the difference, if any, between the Maximum Monthly Payment and the Actual Monthly Payment made to such

3

        Professional (the "Incremental Amount") or (ii) forego payment of the Incremental Amount until the next interim or final fee application hearing, at which time this Court will consider and rule on the Objection if requested by the parties

d. Any Retained Professional that fails to file a Monthly Fee Application for a particular month or months may subsequently submit a consolidated Monthly Fee Application including any prior month or months. All Monthly Fee Applications shall comply with the Bankruptcy Code, the Bankruptcy Rules, applicable Third Circuit law, and Local Rule 2016-2.

e. At three-month intervals or such other intervals convenient to the Court (the "Interim Fee Period"), each of the Retained Professionals may file with the Court and serve on the Notice Parties a request (an "Interim Fee Application Request") for interim Court approval and allowance of the payment of compensation and reimbursement of expenses sought by such Retained Professional in its Monthly Fee Applications, including any holdbacks, filed during the Interim Fee Period, pursuant to section 331 of the Bankruptcy Code. The Interim Fee Application Request must include a brief description identifying the following:

    (1) the Monthly Fee Applications that are the subject of the request;

    (2) the amount of fees and expenses requested;

    (3) the amount of fees and expenses paid to date or subject to an Objection;

    (4) the deadline for parties to file objections (the "Additional Objections") to the Interim Fee Application Request; and

    (5) any other information requested by the Court or required by the Local Rules.

f. Objections, if any, to the Interim Fee Application Requests shall be filed and served upon the Retained Professional that filed the Interim Fee Application and the other Notice Parties so as to be received on or before 4:00 p.m. prevailing Eastern Time on the 21st day (or the next business day if such day is not a business day) following service of the applicable Interim Fee Application Request.

    (1) The Debtors will request that the Court schedule a hearing on the Interim Fee Application Requests at least once every six months. The Debtors, however, may request that a hearing be held every three months or at such other intervals

        as the Court deems appropriate. If no Objections are pending and no Additional Objections are timely filed, the Court may grant an Interim Fee Application Request without a hearing.

    (2)    The first Interim Fee Period will cover the period from December 9, 2022 through and including February 28, 2023. Each Retained Professional may file and serve its first Interim Fee Application Request on or before the 30th day following the end of the first Interim Fee Period. Accordingly, the first Interim Fee Application Requests may be filed on or before March 30, 2023.

    (3)    The pendency of an Objection to payment of compensation or reimbursement of expenses will not disqualify a Retained Professional from the future payment of compensation or reimbursement of expenses under the Interim Compensation Procedures. There will be no other penalties for failing to file a Monthly Fee Application or an Interim Fee Application Request in a timely manner.

  g.  Neither (i) the payment of or the failure to pay, in whole or in part, interim compensation and/or the reimbursement of or the failure to reimburse, in whole or in part, expenses under the Interim Compensation Procedures nor (ii) the filing of or failure to file an Objection will bind any party in interest or the Court with respect to the final allowance of applications for payment of compensation and reimbursement of expenses of Retained Professionals. All fees and expenses paid to Retained Professionals under the Interim Compensation Procedures are subject to disgorgement until final allowance by the Court.

3.    Each member of the Committee, if any, is permitted to submit statements of expenses incurred from and after the date of appointment in the performance of the duties of the committee (excluding third-party counsel expenses of individual committee members) with supporting vouchers to Committee counsel, which counsel shall collect and submit the committee member's request for reimbursement in accordance with the Compensation Procedures. Approval under the Compensation Procedures, however, will not authorize payment of such expenses to the extent that such payment is not authorized under the Bankruptcy Code, the Bankruptcy Rules, Local Rules, or the practice of this Court.

4. The Retained Professionals shall be required to serve the Interim Fee Applications and the Final Fee Applications only on the Notice Parties, and all other parties that have filed a request for special notice with the Clerk of this Court pursuant to Bankruptcy Rule 2002 shall be entitled to receive only notice of hearings on the Interim Fee Applications and Final Fee Applications.

5. In each Interim Fee Application and Final Fee Application, all Retained Professionals (a) shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court, and (b) attorneys (collectively, the "Attorneys") who have or are hereafter retained pursuant to sections 327 or 1103 of the Bankruptcy Code shall make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

6. All notices given in accordance with the Compensation Procedures as set forth herein shall be deemed sufficient and adequate notice and in full compliance with the applicable provisions of the Bankruptcy Code, Bankruptcy Rules, and Local Rules.

7. The Debtors shall include all payments made to Retained Professionals in accordance with the Compensation Procedures in their monthly operating report(s), identifying the amount paid to each of the Retained Professionals.

8.    Notice of the Motion as provided therein shall be deemed good and sufficient notice as such motion and the requirements of Bankruptcy Rule 6004(a) and the Local Bankruptcy Rules are satisfied by such notice.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10.    The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: January 6th, 2023
Wilmington, Delaware

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**