## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MEDLY HEALTH INC., *et al.*,[1] | ) Case No. 22-11257 (KBO) |
| | ) |
| Debtors. | ) |
| | ) **Re: Docket Nos. 15, 312 and 353** |
| | ) |

### ORDER (I) APPROVING THE WALGREENS PURCHASE AGREEMENT; (II) AUTHORIZNG THE SALE OF CERTAIN OF THE DEBTORS' ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS; AND (III) GRANTING RELATED RELIEF

Upon the motion [Docket No. 15] (the "**Motion**")[2] of the above-captioned debtors and debtors

in possession (collectively, the "**Debtors**"), pursuant to sections 105, 363, and 365 of title 11 of the

United States Code, 11 U.S.C. §§ 101-1532 (the "**Bankruptcy Code**"), Rules 2002, 6004, and 6006

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rules 6004-1 and

6006-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy

Court for the District of Delaware (the "**Local Rules**"), (a) authorizing the sale (the "**Sale**") of either

substantially all or less than substantially all of the Debtors' assets (the "**Available Assets**") free and

clear of all Liens, Claims, Encumbrances, and Interests, with such Liens, Claims, Encumbrances, and

Interests to attach to the proceeds of the Sale as further provided herein; and (b) the Court having

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or the Walgreens Purchase Agreement, as applicable.

considered and previously entered the *Order (I) Approving Bidding Procedures and Bid Protections in Connection with the Sale of Substantially All of Debtors' Assets, (II) Scheduling Bid Deadlines and the Auction, (III) Approving Form and Manner of Notice Thereof, and (IV) Granting Related Relief*, dated January 18, 2023 [Docket No. 312] (the "**Bidding Procedures Order**"), approving bidding procedures for the marketing and sale of the Acquired Assets (the "**Bidding Procedures**") and granting certain related relief, including, without limitation, designating MedPharmaca Holdings, Inc. as the "Stalking Horse Bidder" in accordance with the Bidding Procedures Order; and the Debtors having conducted an auction February 3, 2023 and February 4, 2023 (the "**Auction**"); and the Debtors, in consultation with the Consultation Parties, having selected the bid submitted by Walgreen Co. ("**Buyer**") as the highest or otherwise best bid for all or substantially all of the Debtors' Pharmacy Records and Scripts, Pharmaceutical Inventory, Intellectual Property, and certain other assets (the "**Acquired Assets**"); and the Court having conducted a hearing to consider the Sale on February 7, 2023 (the "**Sale Hearing**"), at which all interested parties were offered an opportunity to be heard with respect to the Sale; and the Court having reviewed and considered (a) the Motion and the exhibits thereto; (b) the Asset Purchase Agreement between the Debtors and Buyer dated as of February 5, 2023 and filed with the Court on February 6, 2023 [Docket No. 354] (the "**Purchase Agreement**"), whereby the Debtors have agreed, among other things, to sell the Acquired Assets to Buyer on the terms and conditions set forth in the Purchase Agreement and any ancillary or supplemental documents executed in connection therewith; and (c) the arguments of counsel made, and the evidence proffered and adduced, at the Sale Hearing; and due notice of the Motion and the form of this order (this "**Sale Order**") having been provided; and it appearing that the relief granted herein is in the best interests of the Debtors, their estates, creditors, and all parties in interest in the Debtors' chapter 11 cases (collectively, the

"**Bankruptcy Case**"); and upon the record of the Sale Hearing and the Bankruptcy Case; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.      **Fed. R. Bankr. P. 7052**. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent that any of the following findings of fact constitute conclusions of law, and to the extent that any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.      **Jurisdiction and Venue**. The Court has jurisdiction to decide the Motion and approve the Sale pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and the Court may enter a final order hereon under Article III of the U.S. Constitution. Venue of the Bankruptcy Case and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

C.      **Statutory and Rule Predicates**. The statutory and other legal predicates for the relief granted herein are sections 105(a) and 363 of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, 6006, and 9014, and Local Rules 6004-1 and 6006-1.

D.      **Opportunity to Object**. A fair and reasonable opportunity to object to, and be heard with respect to, the Motion and the Sale has been given to all Persons entitled to notice pursuant to the Bidding Procedures Order, including, without limitation, the following: (i) the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**"); (ii) counsel for the official committee of unsecured creditors (the "**Committee**"); (iii)  Silicon Valley Bank; (iv) the Prepetition TPC Lenders and the DIP Lenders; (v) the Stalking Horse Bidder; (vi) all known creditors of the

Debtors (for whom identifying information and addresses are available to the Debtors); (vii) the Internal Revenue Service; (viii) all applicable federal, state, and local taxing authorities; (ix) all persons and entities known by the Debtors to have expressed an interest to the Debtors in the Acquired Assets during the past 6 months; (x) all persons and entities known by the Debtors to have asserted any lien, claim, interest or encumbrance in the Acquired Assets (for whom identifying information and addresses are available to the Debtors); (xi) any governmental authority known to have a claim against the Debtors in the Chapter 11 Cases; (xii) the United States Securities and Exchange Commission; (xiii) the United States Attorney's Office for the District of Delaware; (xiv) United States Attorney General's Office for the District of Delaware; (xv) the Office of the Attorney General and the Secretary of State in each state in which the Debtors operate; (xvi) all of the parties entitled to notice pursuant to Bankruptcy Rule 2002; and (xvii) all other parties as directed by the Court. *See* Docket Nos. 328, 329, 342.

      **E.**    **Final Order**. This Sale Order constitutes a final order within the meaning of 28 U.S.C. § 158(a).

      **F.**    **Sound Business Purpose**. The Debtors have demonstrated good, sufficient, and sound business purposes and justifications for approval of the Purchase Agreement, the Sale, and entering into the Purchase Agreement. The Debtors' entry into and performance under the Purchase Agreement: (i) constitutes a sound and reasonable exercise of the Debtors' business judgment; (ii) provides value to and is beneficial to the Debtors' estates and is in the best interests of the Debtors and their stakeholders; and (iii) is reasonable and appropriate under the circumstances. Business justifications for the Sale include, without limitation, the following: (i) the value of the Debtors' estates will be maximized through the Sale of the Acquired Assets pursuant to the Purchase Agreement; (ii) the Purchase Agreement constitutes the highest or otherwise best offer received for

the Available Assets, including without limitation, the Acquired Assets; (iii) the Purchase Agreement presents the best opportunity to maximize the value of the Debtors' assets and avoid decline and devaluation of the Acquired Assets; and (iv) unless the Sale is concluded expeditiously, as provided for pursuant to the Purchase Agreement, certainty of consummating the Sale will be compromised and recoveries to creditors may be materially diminished.

G. **Compliance with Bidding Procedures Order**. The Debtors and Buyer complied with the Bidding Procedures Order and the Bidding Procedures in all respects. Buyer was the Successful Bidder (as defined in the Bidding Procedures) for the Acquired Assets in accordance with the Bidding Procedures Order and the Bidding Procedures.

H. **No Claims by Debtors**. Except as set forth herein and under the Purchase Agreement, the Debtors agree and acknowledge that they have no liabilities that could be asserted against Buyer.

I. **Local Rule**. The Motion complies with all aspects of Local Rule 6004-1.

J. **Compliance with Bankruptcy Code**. The consummation of the transactions contemplated under the Purchase Agreement is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m) thereof, and all of the applicable requirements of such sections have been complied with in respect of such transactions.

K. **Highest or Otherwise Best Value**. Prior to the commencement of the Bankruptcy Case and through the postpetition sale process pursuant to the Bidding Procedures Order and the Bidding Procedures, the Debtors conducted a fair and open sale process. In doing so, the Debtors afforded Potential Bidders due diligence access to provide any such Potential Bidders an opportunity to submit a Qualified Bid. The Bidding Procedures Order, the Bidding Procedures,

and the process utilized pursuant thereto were designed to obtain the highest or otherwise best value for the Available Assets, including the Acquired Assets for the Debtors and their estates under the circumstances, and any other transaction would not have yielded as favorable an economic result. The sale process and the Bidding Procedures were non-collusive, duly noticed, and provided a full, fair, and reasonable opportunity for any entity to make an offer to purchase the Available Assets, including the Acquired Assets.

L.        **No Better Alternative**.  The Debtors' determination that the Purchase Agreement constitutes the highest or otherwise best offer for either the Acquired Assets or for all of the Available Assets was a reasonable, valid, and sound exercise of the Debtors' business judgment. No other person or entity or group or combination of persons or entities has offered to purchase the Acquired Assets, all of the Available Assets, or any combination of the Available Assets for an amount that would give an opportunity for equal or greater value to the Debtors than the value provided by Buyer pursuant to the Purchase Agreement. Execution of the Sale is the best alternative available to the Debtors to maximize the return to their creditors. No alternative to the Sale exists that would provide a greater value to the Debtors, their creditors, or other parties in interest.

M.        **No *Sub Rosa* Plan**.  The sale and assignment of the Acquired Assets outside of a chapter 11 plan pursuant to the Purchase Agreement neither impermissibly restructures the rights of the Debtors' creditors nor impermissibly dictates the terms of any chapter 11 plan of the Debtors. Neither the Purchase Agreement nor the Sale contemplated thereby constitutes a *de facto* or *sub rosa* chapter 11 plan.

N.        **Fair Consideration**.  The consideration to be paid by Buyer under the Purchase Agreement constitutes fair and reasonable consideration for the Acquired Assets.

O.    **Good Faith**. The Purchase Agreement and each of the transactions contemplated therein, were negotiated, proposed, and entered into by the Debtors, and Buyer in good faith, without collusion, and from arm's-length bargaining positions. Buyer is a "good faith" purchaser within the meaning of section 363(m) of the Bankruptcy Code and, as such, is entitled to all the protections afforded thereby. None of the Debtors or Buyer have engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding present or future creditors of the Debtors. None of the Debtors or Buyer is entering into the Purchase Agreement, or proposing to consummate the Sale, fraudulently or for the purpose of statutory and common law fraudulent conveyance and fraudulent transfer claims, whether under the Bankruptcy Code or under the laws of the United States, any state, territory, possession thereof, or the District of Columbia.

P.    **Privacy**. The Sale is consistent with the Debtors' policy concerning the transfer of personally identifiable information and the Debtors have, to the extent necessary, satisfied section 363(b)(1) of the Bankruptcy Code, and Buyer will honor the obligations thereunder. Accordingly, appointment of a consumer ombudsman pursuant to section 363(b)(1) or section 332 of the Bankruptcy Code is not required with respect to the relief requested in the Motion.

Q.    **Notice**. As evidenced by the affidavits of service filed with the Court: (i) proper, timely, adequate, and sufficient notice of the Motion, the Bidding Procedures Order, the Bidding Procedures, the sale process (including, without limitation, the Bid Deadline), the Sale Hearing, the Sale, and the proposed Sale Order was provided by the Debtors to all interested parties; (ii) such notice was good, sufficient, and appropriate under the particular circumstances and complied with the Bidding Procedures Order, sections 102(1) and 363(b) of the Bankruptcy Code, Bankruptcy

Rules 2002, 6004, 6006, 9006, 9007, 9008, and 9014, Local Rules 6004-1 and 6006-1, and the procedural due process requirements of the United States Constitution; and (iii) no other or further notice of the Motion, the Bidding Procedures Order, the Bidding Procedures, the Sale, the Sale Hearing, or this Sale Order is required. With respect to Persons whose identities are not reasonably ascertained by the Debtors, publication of the notice in the National Edition of *USA Today*, on January 24, 2023, was sufficient and reasonably calculated under the circumstances to reach such Persons.

R.    **Satisfaction of Section 363(f) Standards**. Except as expressly set forth in the Purchase Agreement or this Sale Order, the Debtors may sell the Acquired Assets pursuant to the Purchase Agreement free and clear of all liens, claims (including, without limitation, those that constitute a "claim" as defined in section 101(5) of the Bankruptcy Code), rights, liabilities, encumbrances and other interests of any kind or nature whatsoever against the Debtors or against such assets (including, without limitation, all Liens, Claims, Encumbrances, and Interests as those terms are defined in the Purchase Agreement) arising prior to the Closing of the Sale (collectively, "**Liens-Claims-Encumbrances-Interests**"), including, without limitation, any debts arising under or out of, in connection with, or in any way relating to, any acts or omissions, obligations, demands, guaranties, rights, contractual commitments, restrictions, product liability claims, any and all claims arising under state or federal antitrust laws, environmental liabilities (to the greatest extent allowed by applicable law), employee pension or benefit plan claims, multiemployer benefit plan claims, workers' compensation claims, retiree healthcare or life insurance claims, claims related to the purchase or dispensing of controlled substances, claims relating to applicable state laws and regulations governing the practice of pharmacy and pharmacy operation, claims relating to the compliant operation of compounding pharmacies, or claims for taxes of or against the Debtors, and

any derivative, vicarious, transferee, or successor liability claims, rights or causes of action (whether in law or in equity, under any law, statute, rule or regulation of the United States, any state, territory, or possession thereof or the District of Columbia), whether arising prior to or subsequent to the commencement of the Bankruptcy Case, whether known or unknown, and whether imposed by agreement, understanding, law, equity, or otherwise arising under or out of, in connection with, or in any way related to the Debtors, the Debtors' interests in the Acquired Assets, the operation of the Debtors' business before the Closing, or the transfer of the Debtors' interests in the Acquired Assets to Buyer, and all Excluded Liabilities, because, in each case, one or more of the standards set forth in section 363(f)(1)-(5) of the Bankruptcy Code have been satisfied. Those holders of Liens-Claims-Encumbrances-Interests who did not object (or who ultimately withdrew their objections, if any) to the Sale or the Motion are deemed to have consented pursuant to section 363(f)(2) of the Bankruptcy Code. Those holders of Liens-Claims-Encumbrances-Interests who did object that have an interest in the Acquired Assets fall within one or more of the other subsections of section 363(f) of the Bankruptcy Code and are therefore adequately protected by having their Liens-Claims-Encumbrances-Interests that constitute interests in the Acquired Assets, attach solely to the proceeds of the Sale ultimately attributable to the property in which they have an interest, in the same order of priority and with the same extent, validity, force, and effect that such holders had prior to consummation of the Sale, subject to any rights, claims, and defenses that the Debtors' estates and/or the Debtors, as applicable, may possess with respect thereto. All Persons having Liens-Claims-Encumbrances-Interests of any kind or nature whatsoever against the Debtors or the Acquired Assets shall be forever prohibited, barred, and estopped from pursuing or asserting such Liens-Claims-Encumbrances-Interests against Buyer or any of its assets, property, Affiliates, successors, assigns, or the Acquired Assets.

S.    **No Obligation Regarding Excluded Liabilities**.  Buyer has not agreed to assume and shall have no obligation with respect to any Liens-Claims-Encumbrances-Interests. Buyer (i) shall have no obligations with respect to any Excluded Liabilities, (ii) shall acquire all of the Acquired Assets free and clear of the Liens-Claims-Encumbrances-Interests, and (iii) is released by the Debtors and all other Persons with respect to such Excluded Liabilities.

T.    **Consideration**. Buyer would not have entered into the Purchase Agreement and would not consummate the transactions contemplated thereby, thus adversely affecting the Debtors and their estates and their creditors, if the sale of the Acquired Assets, was not free and clear of all Liens-Claims-Encumbrances-Interests, or if Buyer would, or in the future could, be liable for any such Liens-Claims-Encumbrances-Interests. The total consideration to be provided under the Purchase Agreement reflects Buyer's reliance on this Sale Order to provide it with title to and possession of the Acquired Assets free and clear of all Liens-Claims-Encumbrances-Interests.

U.    **Validity of Transfer**. The transfer of the Acquired Assets to Buyer in accordance with the Purchase Agreement will be a legal, valid, and effective transfer of the Acquired Assets, and will vest Buyer with all right, title, and interest of the Debtors in respect of the Acquired Assets, free and clear of all Liens-Claims-Encumbrances-Interests. The consummation of the Sale is legal, valid, and properly authorized under all applicable provisions of the Bankruptcy Code, including, without limitation, sections 105(a), 363(b), 363(f) and 363(m) of the Bankruptcy Code and all of the applicable requirements of such sections have been complied with in respect of the Sale.

V.    **Corporate Authorization**. The Debtors: (i) have full corporate power and authority to execute the Purchase Agreement and all other documents contemplated and required thereby, and the Sale has been duly and validly authorized by all necessary corporate action of the Debtors; (ii) have all of the corporate power and authority necessary to consummate the transactions

contemplated and required by the Purchase Agreement; and (iii) upon entry of this Sale Order, other than any consents identified in the Purchase Agreement (including, without limitation, with respect to regulatory matters), need no consent or approval from any other Person to consummate the Sale.

W.     **Good Title**. The Acquired Assets of the Debtors constitute property of their estates and good title is vested in the Debtors' estates within the meaning of section 541(a) of the Bankruptcy Code.

X.     **Not Intended to Delay, Defraud**. The Purchase Agreement is a valid and lawful contract binding upon each of the signatories thereto and shall be enforceable pursuant to its terms. The Purchase Agreement was not entered into for the purpose of hindering, delaying, or defrauding creditors under the Bankruptcy Code or under laws of the United States, any state, territory, possession, or the District of Columbia. This Sale Order, the Purchase Agreement and, upon Closing, the Sale and the consummation thereof, shall be specifically enforceable against and binding upon (without posting any bond) Buyer, the Debtors, and any chapter 7 or chapter 11 trustee appointed in the Bankruptcy Case, and shall not be subject to rejection or avoidance by the foregoing parties or any other Person.

Y.     **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**. The sale of the Acquired Assets must be approved and consummated promptly to preserve the value of the Acquired Assets. Therefore, time is of the essence in consummating the Sale and the Debtors and Buyer intend to close the Sale as soon as reasonably practicable. The Debtors have demonstrated compelling circumstances and a good, sufficient, and sound business purpose and justification for the immediate approval and consummation of the Sale as contemplated by the Purchase Agreement. Accordingly, there is sufficient cause to lift the stay contemplated by Bankruptcy Rules 6004(h) and 6006(d) with regards to the transactions contemplated by this Sale Order.

Z.      **Legal and Factual Bases**. The legal and factual bases set forth in the Motion and at the Sale Hearing establish just cause for the relief granted herein.

**NOW THEREFORE, IT IS ORDERED THAT:**

1.      **Motion Granted**. The Motion and the relief requested therein is granted and approved as set forth herein.

2.      **Objections Overruled**. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, settled, or otherwise resolved are hereby overruled on the merits and with prejudice.

3.      **Prior Findings and Conclusions Incorporated**.  The Court's findings of fact and conclusions of law set forth in the Bidding Procedures Order are incorporated herein by reference.

4.      **Notice.** Notice of the Sale Hearing was fair and equitable under the circumstances and complied in all respects with the Bidding Procedures Order, section 102(1) of the Bankruptcy Code, and Bankruptcy Rules 2002, 6004, and 6006.

5.      **Power to Transfer Acquired Assets**.  The Debtors, in transferring the Acquired Assets pursuant to this Sale Order and section 363 of the Bankruptcy Code, are deemed, under section 1107(a) of the Bankruptcy Code, to have all rights and powers to perform all the functions and duties of a trustee serving in a case under chapter 11 and will transfer the property pursuant to this Sale Order subject to the terms of the Purchase Agreement.  The Debtors have full corporate power and authority to execute and deliver the Purchase Agreement and all other documents contemplated thereby, and no further consents or approvals are required for the Debtors to consummate the transactions contemplated by the Purchase Agreement.

6.      **Fair Purchase Price**. The consideration provided by Buyer under the Purchase Agreement is fair and reasonable and constitutes: (a) reasonably equivalent value under the

Bankruptcy Code, the Uniform Fraudulent Transfer Act, and the Uniform Voidable Transactions Act; (b) fair consideration under the Uniform Fraudulent Conveyance Act; and (c) reasonably equivalent value, fair consideration, and fair value under any other applicable laws of the United States, any state, territory, or possession or the District of Columbia.

7.      **Highest or Otherwise Best Offer**.  The Sale of the Acquired Assets, the bid by Buyer in accordance with the Bidding Procedures, the terms and conditions of the Purchase Agreement, and the transactions contemplated thereby and all of the terms and conditions thereof, are the highest or otherwise best offer for the Acquired Assets, all of the Available Assets, or any combination of the Available Assets and hereby are authorized and approved in all respects.

8.      **Approval of the Agreements**. The Purchase Agreement, including, without limitation, all transactions contemplated thereby and all of the terms and conditions thereof, is hereby approved in its entirety, except as modified by the Bidding Procedures Order and this Sale Order. The failure to specifically include or reference in this Sale Order any particular provisions of the Purchase Agreement, or any of the documents, agreements, or instruments related thereto and executed in connection therewith, shall not diminish or impair the effectiveness of such provisions, documents, agreements, or instruments, it being the intent of the Court, the Debtors, and Buyer that the Purchase Agreement and any related agreements are authorized and approved in their entirety with such amendments thereto as may be made by the parties in accordance with this Sale Order prior to Closing.

9.      **Consummation of Sale**.  Pursuant to sections 105 and 363 of the Bankruptcy Code, the Debtors, as well as their officers, employees, and agents, are authorized to execute, deliver, and perform their obligations under and comply with the terms of the Purchase Agreement, and to consummate the Sale, including, without limitation, by taking any and all actions as may be

reasonably necessary or desirable to implement the terms of the Purchase Agreement, and each of the transactions contemplated thereby, or to otherwise effectuate the relief granted pursuant to this Sale Order.

10.      **Authorization**. The Debtors, their Affiliates, and their respective officers, employees, and agents, are authorized to execute and deliver, and authorized to perform under, consummate, and implement all additional instruments and documents that may be reasonably necessary or desirable to implement the Purchase Agreement and to take all further actions as may be reasonably (a) requested by Buyer for the purpose of assigning, transferring, granting, conveying, and/or conferring to Buyer the Acquired Assets, or (b) necessary or appropriate to the performance of the obligations contemplated by the Purchase Agreement, all without further order of the Court.

11.      **Transfer of Acquired Assets Free and Clear**. Pursuant to sections 105, 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to transfer the Acquired Assets to Buyer in accordance with the terms of the Purchase Agreement and this Sale Order. Subject to the provisions of the Purchase Agreement and this Sale Order, the Acquired Assets shall be transferred to Buyer and such transfer shall (a) be valid, legal, binding, and effective, (b) vest Buyer with all right, title, and interest of any of the Debtors in the Acquired Assets, and (c) upon the Debtors' receipt of the Purchase Price, be free and clear of any Liens-Claims-Encumbrances-Interests in accordance with section 363(f) of the Bankruptcy Code. Any such Liens-Claims-Encumbrances-Interests shall attach to the proceeds of the Sale of the Acquired Assets in the same order of priority, and with the same extent, validity, force, and effect as existed with respect to the Acquired Assets prior to the Sale and subject to any rights, claims, defenses, and counterclaims of the Debtors' estates and/or the Debtors to such Liens-Claims-Encumbrances-Interests. Upon the

Closing, Buyer shall take title to and possession of the Acquired Assets in accordance with the terms of the Purchase Agreement, and the Acquired Assets shall thereafter be the sole and exclusive property of Buyer and not be deemed property of the Debtors or their estates for any purpose after the Closings. Notwithstanding anything to the contrary herein, but subject to funding of the Carve-Out (as defined in the DIP Order) and the UCC Settlement (as defined below), upon completion of the Closings, the Debtors are hereby authorized and directed to pay, or cause to be paid, the amounts necessary to satisfy (i) the DIP Facility; and (ii) subject to the extent of available proceeds, all or any portion of the Prepetition Senior Obligations (as defined in the DIP Order) in cash at Closing (or at the time of any post-Closing distributions of Sale proceeds) directly to Silicon Valley Bank.  For the avoidance of doubt, any such payments made pursuant to the foregoing sentence shall not be subject to any challenge or defense, including avoidance, disallowance, disgorgement, recharacterization, or subordination (equitable or otherwise) pursuant to the Bankruptcy Code or applicable non-bankruptcy law, except pursuant to a Challenge (as defined in the DIP Order).

12.    **UCC Settlement Proceeds**.  Pursuant to the terms of the settlement reached between the Debtors, the Committee, the DIP Lender, the Prepetition TPC Lenders, and the Prepetition Senior Lender (as defined in the DIP Order) (the "**UCC Settlement**"),[3] after (a) all outstanding DIP Obligations (as defined in the DIP Order) have been indefeasibly repaid in full in cash and (b) the sale of assets to the Buyer has closed, a minimum of $1,000,000 (the "**UCC Reserve**") will be reserved from the Purchase Price for the benefit of general unsecured creditors (other than holders of unsecured claims arising under section 506 of the Bankruptcy Code and the SVB Deficiency Claim (as defined in the UCC Settlement)). The UCC Reserve will be distributed

---

[3] A copy of the UCC Settlement term sheet is attached to the DIP Order as **Exhibit B**.

for the benefit of holders of general unsecured claims pursuant to a chapter 11 plan or other Court approved wind-down process.

13.    **Claims After Closing**.  Except as set forth in the Purchase Agreement and this Sale Order, all Persons (and their respective successors and assigns) holding Liens-Claims-Encumbrances-Interests against, on, or in any of the Debtors or all or any portion of the Acquired Assets (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated), including, without limitation, debt holders, equity security holders, governmental, tax and regulatory authorities, governmental units, lenders, employees, former employees, pension plans, multiemployer pension plans, labor unions, and trade creditors are hereby forever prohibited, barred, and estopped from asserting or pursuing such Liens-Claims-Encumbrances-Interests against Buyer, its Affiliates, successors or assigns, its property, or the Acquired Assets, including, without limitation, by taking any of the following actions: (a) commencing or continuing in any manner any action or other proceeding against Buyer, its Affiliates, successors or assigns, its assets, or its properties; (b) enforcing, attaching, collecting, or recovering in any manner any judgment, award, decree, or order against Buyer, its Affiliates, successors or assigns, its assets, or its properties; (c) creating, perfecting, or enforcing any Claim against Buyer, its Affiliates, successors or assigns, its assets, or its properties; (d) asserting a Claim as a setoff (except for setoffs exercised prior to the Petition Date) or right of subrogation of any kind against any obligation due Buyer or its successors or assigns; or (e) commencing or continuing any action in any manner or place that does not comply, or is inconsistent, with the provisions of this Sale Order or the agreements or actions approved, contemplated, or taken in respect thereof; provided that the foregoing shall not release any obligations under this Sale Order, including

Buyer's performance obligations under the Purchase Agreement and any and all post-Closing obligations.

14.    **No Interference with Acquired Assets**. All Persons are hereby forever prohibited, barred, and estopped from taking any action that would interfere with or adversely affect the ability of the Debtors to transfer the Acquired Assets in accordance with the terms of the Purchase Agreement and this Sale Order. Except as otherwise provided in this Sale Order, following the Closing, no holder of any Lien-Claim-Encumbrance-Interest shall interfere with Buyer's title to or use and enjoyment of the Acquired Assets, or assert any claims against Buyer based on or related to any such Lien-Claim-Encumbrance-Interest or based on any actions that the Debtors have taken or may take, or failed to take or may fail to take, in the Bankruptcy Case. Buyer and its Affiliates and successors and assigns shall have no liability for any Liens-Claims-Encumbrances-Interests, causes of action, obligations, demands, losses, claims, taxes, costs, and expenses of any kind, character, or nature whatsoever, whether known or unknown as of the Closing, now existing or hereafter arising, whether fixed or contingent, whether derivatively, vicariously, as a transferee or successor or otherwise, of any kind, nature or character whatsoever relating to or arising from the Debtors, their estates, the Acquired Assets, or the Sale, including, without limitation, with respect to: (a) any employment or labor agreements; (b) any pension, welfare, compensation or other employee benefit plans, agreements, practices, and programs, including, without limitation, any pension plan of or related to any of the Debtors or any Debtor's Affiliates or predecessors or any current or former employees of any of the foregoing, including, without limitation, the Employee Benefit Plans and any participation or other agreements related to the Employee Benefit Plans, or the termination of any of the foregoing; (c) the Debtors' business operations or the cessation thereof; (d) any litigation involving one or more of the Debtors; (e) any employee, workers' compensation,

occupational disease, or unemployment or temporary disability related law, including, without limitation, claims that might otherwise arise under or pursuant to (i) the Employee Retirement Income Security Act of 1974, as amended, (ii) the Fair Labor Standards Act, (iii) Title VII of the Civil Rights Act of 1964, (iv) the Federal Rehabilitation Act of 1973, (v) the National Labor Relations Act, (vi) the Worker Adjustment and Retraining Notification Act of 1988, (vii) the Age Discrimination and Employee Act of 1967 and Age Discrimination in Employment Act, as amended, (viii) the Americans with Disabilities Act of 1990, (ix) the Consolidated Omnibus Budget Reconciliation Act of 1985 ("**COBRA**"), (x) the Multiemployer Pension Plan Amendments Act of 1980, (xi) state and local discrimination laws, (xii) state and local unemployment compensation laws or any other similar state and local laws, (xiii) state workers' compensation laws, or (xiv) any other state, local, or federal employee benefit laws, regulations or rules, or other state, local, or federal laws, regulations or rules relating to, wages, benefits, employment, or termination of employment with any or all Debtors or any predecessors; (f) any antitrust laws; (g) any product liability or similar laws, whether state or federal or otherwise; (h) to the greatest extent allowed by applicable law, any environmental laws, rules, or regulations, including, without limitation, under the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601, et seq., or similar state statutes; (i) any bulk sales or similar laws; (j) any federal, state, or local tax statutes, regulations, or ordinances, including, without limitation, the Internal Revenue Code of 1986, as amended; (k) the Coronavirus Aid, Relief, and Economic Security Act of 2020; and (l) any statute or theory of or related to successor liability, including, without limitation, the common law doctrine of *de facto* merger or successor or transferee liability, or successor-in-interest liability theory. Entry of this Sale Order shall not affect any release of (x) any future or ongoing obligation(s) under the Purchase

Agreement, or this Sale Order or (y) any Person's rights, claims, causes of action, or remedies relating to the foregoing.

15.    **Liability Regarding Employees**.    Buyer shall not be deemed to be a joint employer, single employer, co-employer, or successor employer with the Debtors for any purpose or under the laws of the United States, any state, territory, or possession thereof, and Buyer shall not have any obligation to pay any past wages, benefits, or severance pay or extend or make any benefits or benefit programs, including, without limitation, COBRA or any similar laws or regulations, to any of the Debtors' employees or former employees (or any of their respective spouses, dependents, or beneficiaries), including, without limitation, any such employees who may become employees of Buyer.

16.    **Self-Executing Order**.    The provisions of this Sale Order authorizing the Sale of the Acquired Assets free and clear of Liens-Claims-Encumbrances-Interests shall be self-executing, and neither the Debtors nor Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments to effectuate, consummate, or implement the foregoing provisions of this Sale Order; *provided, however*, that this paragraph shall not excuse such Persons from performing any and all of their respective obligations under this Sale Order or the Purchase Agreement, and the Debtors and Buyer, and each of their respective directors, officers, employees, authorized signatories, members, agents, representatives, and attorneys are hereby authorized and empowered to take all actions and execute and deliver any and all documents and instruments that either the Debtors or Buyer deem necessary or appropriate to implement and effectuate the terms of the Purchase Agreement and this Sale Order.

17.    **General Assignment**. This Sale Order (a) shall be effective as a determination that, as of the Closing, the conveyances and transfers described herein and the Purchase Agreement have

been effected and (b) is and shall be binding upon and govern the acts of all Persons, including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments that reflect that Buyer is the assignee and owner of the Acquired Assets free and clear of all Liens-Claims-Encumbrances-Interests; and each of the foregoing Persons is hereby authorized to accept for filing any and all of the documents and instruments reasonably necessary or appropriate to consummate the transactions contemplated by the Purchase Agreement. This Sale Order shall be construed and shall constitute for any and all purposes a full and complete general assignment, conveyance, and transfer of the Acquired Assets and/or a bill of sale or assignment transferring indefeasible title and interest in the Acquired Assets, to Buyer on the terms set forth in the Purchase Agreement.

18.     **<u>Release of Liens-Claims-Encumbrances-Interests</u>**.

    a.     Subject to subparagraph (b) of this Paragraph 188, if any Person that has filed financing statements, mortgages, mechanic's liens, *lis pendens*, or other documents or agreements evidencing Liens-Claims-Encumbrances-Interests on, against, or in the Acquired Assets shall not have delivered to the Debtors by the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, or releases of all interests that the Person has with respect to the Acquired Assets, then with regard to the Acquired Assets that are purchased by Buyer pursuant to the Purchase Agreement and this Sale Order (a) the Buyer or its designee are hereby authorized to execute and file such statements, instruments, or releases on behalf of the Person with respect to the Acquired Assets and (b) Buyer or its designee is hereby authorized to file, register or otherwise record a certified copy of this Sale Order, which, once filed, registered or otherwise recorded, shall constitute conclusive evidence of the release of all Liens-Claims-Encumbrances-Interests against the Acquired Assets.

    b.     The DIP Liens on, against, or in the Acquired Assets shall be released by the DIP Secured Parties and terminated upon the payment of the Purchase Price by the Buyer; *provided*, that the DIP Liens shall attach to the proceeds

of the Sale to the Buyer in accordance with Paragraph 11 of this Sale Order; *provided*, *further*, either the Debtors or the Buyer is authorized to execute and file such statements, instruments, or releases on behalf of the DIP Secured Parties with respect to the Acquired Assets. Capitalized terms used in this subparagraph but not otherwise defined herein shall have the meanings ascribed to them in the DIP Order.

Subject to paragraph 11, upon completion of the Closings, the Debtors are hereby authorized and directed to pay the claims and other obligations owing to the DIP Secured Parties from the proceeds of such Sale, which payment shall be in full satisfaction of the DIP Obligations (as defined in the DIP Order).

19.    **No Successor or Other Derivative Liability**. Upon the last Closing, to the fullest extent permitted by applicable law, Buyer shall not and shall not be deemed to: (a) be a successor (or other such similarly situated party), or otherwise be deemed a successor, to the Debtors, including, a "successor employer" for the purposes of the Code, ERISA, or other applicable Law; (b) have Liability or responsibility for any Liability or other obligation of the Debtors arising under or related to the Acquired Assets, including successor or vicarious liabilities of any kind or character, including any theory of antitrust, environmental, successor, or transferee liability, labor law, de facto merger, or substantial continuity (including under securities laws of any Governmental Authority); (c) have, de facto or otherwise, merged with or into any Debtor; (d) be an alter ego or a mere continuation or substantial continuation of the Debtors (and there is no continuity of enterprise between Buyer and the Debtors), including, within the meaning of any foreign, federal, state or local revenue, pension, ERISA, COBRA, Tax, labor, employment, environmental, or other Law, rule or regulation (including filing requirements under any such Laws, rules or regulations), or under any products liability law or doctrine with respect to the Debtors' Liability under such Law, rule or regulation or doctrine; (e) be holding itself out to the public as a continuation of Seller or its estate; or (f) assume or be deemed to assume, or in any way be responsible for, any Liens-Claims-Encumbrances-Interests of the Debtors and/or their estates, including, without limitation, pursuant to any successor liability or other theory of liability or any responsibility for any Liens-Claims-Encumbrances-Interests against the

Debtors, against an insider of the Debtors, against the Acquired Assets, the Debtors' assets, or similar liability. Buyer is not an "insider" or "affiliate" of the Debtors, as those terms are defined in the Bankruptcy Code.

20.    **Good Faith Purchaser**.  Buyer is a good faith purchaser and is hereby granted and is entitled to all of the benefits and protections afforded by section 363(m) of the Bankruptcy Code to a "good faith" purchaser.

21.    **Validity**.  The reversal or modification of any provisions of the Sale Order shall not affect the validity of any transfer under the Purchase Agreement, or obligation or right granted pursuant to the terms of this Sale Order (unless stayed pending appeal), and, notwithstanding any such reversal or modification, the validity of any transfer under the Purchase Agreement, or obligation or right granted pursuant to the terms of this Sale Order shall be governed in all respects by the original provisions of this Sale Order, and the Purchase Agreement, as applicable.

22.    **Buyer's Use and Enjoyment**.  On and after the Closing Date, Buyer is entitled to possession of the Acquired Assets in possession of any Person, and all Persons, if any, in possession of some or all of the Acquired Assets are hereby directed to surrender possession of such Acquired Assets to Buyer as of Closing.  Following the Closing under the Purchase Agreement, no holder of any Liens-Claims-Encumbrances-Interests against the Acquired Assets shall have any basis to interfere with Buyer's or its designee's use and enjoyment of the Acquired Assets based on or related to such Liens-Claims-Encumbrances-Interests, or any actions that the Debtors may take in the Bankruptcy Case, and no Person may take any action to prevent, interfere with, or otherwise impair consummation of the transactions contemplated in or by the Purchase Agreement or this Sale Order.

23.     **Enforcement of Sale Order**.  Pursuant to section 105 of the Bankruptcy Code, creditors of the Debtors are prohibited from taking any actions against Buyer or the Acquired Assets on account of Liens-Claims-Encumbrances-Interests against or in the Debtors.

24.     **Release**.  Subject to and upon the last Closing date, the Debtors hereby waive any and all actions related to, and hereby release, Buyer and the property of Buyer (including, without limitation, the Acquired Assets) from any and all Liens-Claims-Encumbrances-Interests of any kind, whether known or unknown, now existing or hereafter arising, asserted or unasserted, mature or inchoate, contingent or non-contingent, liquidated or unliquidated, material or non-material, disputed or undisputed, and whether imposed by agreement, understanding, law, equity, or otherwise to the extent the Liens-Claims-Encumbrances-Interests arises under or is related to the sale process; *provided* that the foregoing shall not release any obligations established by Buyer under the Purchase Agreement or this Sale Order, including Buyer's performance obligations under the Purchase Agreement and any and all post-Closing obligations.

25.     **No Avoidance of Agreements**. Neither the Debtors nor Buyer has engaged in any conduct that would cause or permit the Purchase Agreement to be avoided or costs and damages to be imposed under section 363(n) of the Bankruptcy Code.

26.     **Waiver of Bankruptcy Rules 6004(h) and 6006(d)**. Notwithstanding the provisions of Bankruptcy Rules 6004(h) and 6006(d) or any applicable provisions of the Local Rules, this Sale Order shall be effective and enforceable immediately upon entry, and the fourteen (14)-day stay provided in Bankruptcy Rules 6004(h) and 6006(d) is hereby expressly waived and shall not apply. Time is of the essence in closing the Sale and the Debtors and Buyer intend to close the Sale as soon as practicable.

27.    **Order Binds Successors**. The terms of this Sale Order and the Purchase Agreement shall be binding in all respects upon: (a) Buyer and its successors and assigns; (b) Buyer's Affiliates; (c) the Debtors and their Affiliates; (d) successors of the Debtors, including, without limitation, any trustee or examiner appointed in the Bankruptcy Case or upon a conversion of the Bankruptcy Case to proceedings under chapter 7 of the Bankruptcy Code; (e) all known and unknown creditors of, and holders of equity interests in, the Debtors, including, without limitation, any holders of Liens-Claims-Encumbrances-Interests; and (f) all other parties in interest in the Bankruptcy Case and their successors and assigns (collectively, the "**Bound Parties**").  The provisions of this Sale Order and the terms and provisions of the Purchase Agreement, and any actions taken pursuant hereto or thereto as of the date of entry of such order shall survive the entry of any order that may be entered confirming or consummating any chapter 11 plan of the Debtors or converting the Bankruptcy Case to chapter 7, and the terms and provisions of the Purchase Agreement, as well as the rights and interests granted pursuant to this Sale Order, and the Purchase Agreement shall continue in this or any superseding case and shall be binding upon the Bound Parties and their respective successors and permitted assigns, including, without limitation, any trustee or other fiduciary hereafter appointed as a legal representative of the Debtor under chapter 7 or chapter 11 of the Bankruptcy Code.

28.    **Order Binds Government Authorities**. This Sale Order and the Purchase Agreement shall be binding upon and govern all acts of all Persons, governmental units (as defined in sections 101(27) and 101(41) of the Bankruptcy Code), and all holders of Liens-Claims-Encumbrances-Interests, including, without limitation, federal, state, and governmental agencies and departments, licensing authorities, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies,

governmental departments, secretaries of state, federal and local officials, and all other Persons who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, and each of the foregoing Persons, is hereby authorized to accept for filing any and all of the documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

29.    **Conflict**. In the event that there is a conflict between the terms of this Sale Order and the terms of the Purchase Agreement, the terms of this Sale Order shall control.

30.    **Modification of Purchase Agreement**. The Purchase Agreement and any related agreements, documents, or other instruments, may, be modified, amended, or supplemented by the parties thereto, in a writing signed by the party against whom enforcement of any such modification, amendment, or supplement is sought, and in accordance with the terms thereof, without further order of the Court; provided, however, that any material amendments or modifications must be approved by the Court, on notice to parties in interest; provided further, however, that the final version of the Purchase Agreement shall be filed in the Bankruptcy Case if modified, amended, or supplemented in accordance with this provision.

31.    **Bulk Sales**. No bulk sales law, bulk transfer law, or similar law of any state or other jurisdiction shall apply in any way to the Sale. The Debtors and Buyer waive, and hereby shall be deemed to have waived, any requirement of compliance with, and any claims related to non-compliance with, the provisions of any bulk sales, bulk transfer, or similar law of any jurisdiction that may be applicable.

32.    **Privacy Policy**. Buyer shall comply with applicable Law relating to the transfer of personally identifiable information about individuals consistent with the requirements of Section 363(b)(1)(A) of the Bankruptcy Code.

33.     **Conditions Precedent**. Notwithstanding anything to the contrary herein, none of the parties to the Purchase Agreement shall have an obligation to close the Sale until all conditions precedent in the Purchase Agreement to the parties' respective obligations to close the Sale have been met, satisfied, or waived in accordance with the terms of the Purchase Agreement.

34.     **Excluded Assets**. Notwithstanding anything in the Purchase Agreement or this Sale Order to the contrary and for the avoidance of doubt, the Acquired Assets shall not include any of the Excluded Assets as set forth in Section 1.2 of the Purchase Agreement.

35.     **Determination of Released Liens**. This Sale Order shall be effective as a determination that, on the Closing Date, all Liens-Claims-Encumbrances-Interests of any kind or nature whatsoever existing as to the Acquired Assets prior to the Closing have been unconditionally terminated and have no further effect as to the Acquired Assets and the acquisition by Buyer of such Acquired Assets shall be free and clear of all Liens-Claims-Encumbrances-Interests, with such Liens-Claims-Encumbrances-Interests to attach to the proceeds of the Sale in the same order of priority and with the same extent, validity, force, and effect as such Liens-Claims-Encumbrances-Interests in the Acquired Assets, subject to any claims and defenses the Debtors may possess with respect thereto.

36.     **Calculation of Time**. All time periods set forth in this Sale Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

37.     **Change of Corporate Name**. Subject to the terms of the Purchase Agreement, the Debtors shall, and are hereby authorized and empowered to, within thirty (30) Business Days after the last Closing, and subject to Section 6.2 of the Purchase Agreement, take all steps necessary to effect a change in the legal name of the Debtors to remove the Business Names (as defined in the Purchase Agreement) from such names and the caption in the Bankruptcy Case. The Debtors may file a notice or other document or process requested by the Clerk of the Court, which may be a certification of

counsel and order from the Court (the "**Notice of Name Change**"), which shall be effective to: (a) change their corporate names consistent with applicable law; and (b) change the captions in each Bankruptcy Case, containing the new captions and the new corporate names of the Debtors, to remove the words "Pharmaca" and "Medly."

38.    **Non-Severability**. The provisions of this Sale Order are non-severable and mutually dependent.

39.    **Automatic Stay**.  Buyer shall not be required to seek or obtain relief from the automatic stay under section 362 of the Bankruptcy Code to deliver any notice provided for in the Purchase Agreement, or any other Sale-related document or take any and all actions permitted under the Purchase Agreement, or any other Sale-related document in accordance with the terms and conditions thereof.  The automatic stay imposed by section 362 of the Bankruptcy Code is hereby modified to the extent necessary to implement the preceding sentence.

40.    **Sale Order Survives Dismissal**.  In the event of the dismissal of one or more of the Bankruptcy Case, the terms of this Sale Order shall remain in effect notwithstanding section 349 of the Bankruptcy Code.

41.    **Insurance**. Nothing in the Purchase Agreement or in this Sale Order shall have the effect of transferring, impairing, reducing, or otherwise limiting any of the Debtors' rights in any insurance policies covering Excluded Liabilities or the proceeds of such policies. For the avoidance of doubt, the Debtors reserve control over the privilege concerning any retained documents and nothing in this Sale Order relieves the Debtors of any document retention obligations.

42.    **Brokers**. No brokers for Buyer were involved in the consummation of the Sale, and no brokers' commissions are due by the Debtors to any person in connection with the Sale.

43. **Buyer Is Party in Interest**. Buyer is a party in interest and shall have the ability to appear and be heard on all issues related to or otherwise connected to this Sale Order, the Sale, and any issues related to or otherwise connected to the Purchase Agreement and the Sale.

44. **Payment of Expense Reimbursement and Return of Deposit**. Subject to the provisions of the Bidding Procedures Order, upon the Closings of the Sale, the Debtors shall pay the amount of Five Hundred Thousand Dollars ($500,000) in cash by wire transfer to the Stalking Horse Bidder (via wire instructions provided by the Stalking Horse Bidder to the Debtors) on account of the Expense Reimbursement (as defined in the Stalking Horse Agreement, which is as defined in the Notice of Filing of Amendment to Asset Purchase Agreement [Docket No. 318]). The Deposit (as defined in the Stalking Horse Agreement) will be returned to the Stalking Horse Bidder no later than three (3) business day after the entry of this Order.

45. **Retention of Jurisdiction**. The Court shall retain exclusive jurisdiction to, among other things, (a) interpret, enforce, and implement the terms and provisions of this Sale Order and the Purchase Agreement (including, without limitation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith) and (b) adjudicate disputes related to this Sale Order and the Purchase Agreement (including, without limitation, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith).

46. **Headings**. The headings of paragraphs in this Sale Order are for reference purposes only and shall not affect the meaning or interpretation of this Sale Order.

**Dated: February 7th, 2023**
**Wilmington, Delaware**

**KAREN B. OWENS**
**UNITED STATES BANKRUPTCY JUDGE**