# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEDLY HEALTH INC., *et al.*[1],<br><br>       Debtors. | Chapter: 11<br><br>Case No.: 22-11257 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 17, 2023 at 4:00 p.m. (ET)** |

**THIRD MONTHLY FEE APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C. AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF FEBRUARY 1, 2023 THROUGH FEBRUARY 28, 2023**

| | |
|---|---|
| Name of Applicant: | Porzio, Bromberg & Newman, P.C. |
| Authorized to Provide Professional Services to: | Official Committee of Unsecured Creditors |
| Date of Retention: | January 27, 2023 *nunc pro tunc* to December 22, 2022 |
| Period for which compensation and reimbursement is sought: | February 1, 2023 through February 28, 2023 |
| Amount of Compensation sought as actual, reasonable and necessary legal services rendered: | $181,763.00 |
| Amount of Expense Reimbursement sought as actual, reasonable and necessary: | $5,593.17 |

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

7288336

This is a(n):   X   monthly   ___ interim   ___ final application

Prior Applications:

| Dated Filed | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 1/31/2023 | December 22, 2022 – December 31, 2022 (Dkt. No. 338) | $124,539.50 | $100.00 | $99,631.60 | $100.00 |
| 2/21/2023 | January 1, 2023 – January 31, 2023 (Dkt. No. 386) | $321,174.25 | $7,194.19 | $256,939.40 | $7,194.19 |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>MEDLY HEALTH INC., *et al.*,[1]<br><br>                  Debtors. | Chapter: 11<br><br>Case No.: 22-11257 (KBO)<br><br>(Jointly Administered)<br><br>**Objection Deadline: April 17, 2023 at 4:00 p.m. (ET)** |

### THIRD MONTHLY FEE APPLICATION OF PORZIO, BROMBERG & NEWMAN, P.C. AS COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF FEBRUARY 1, 2023 THROUGH FEBRUARY 28, 2023

Porzio, Bromberg & Newman, P.C. ("Porzio"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Medly Health Inc., *et al.*, the debtors in the above-captioned chapter 11 cases (collectively, the "Debtors"), hereby submits its third monthly fee application (the "Application") for entry of an order pursuant to sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§101 et seq., as amended (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), for allowance of compensation for services rendered in the amount of $181,763.00 and reimbursement of expenses in the amount $5,593.17

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

7288336

for the period from February 1, 2023 through February 28, 2023 (the "Compensation Period"), and in support thereof, respectfully represents as follows:

## JURISDICTION AND VENUE

1.  This Court has jurisdiction over this Application pursuant to 28 U.S.C. §1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A) and (B).

2.  Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§1408 and 1409.

3.  The statutory predicates for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Bankruptcy Rule 2016-2.

## BACKGROUND

4.  On December 9, 2022 (the "Original Petition Date"), Medly Health, Inc., on behalf of itself and its affiliated debtors and debtors in possession (collectively, the "Original Debtors") commenced the above-captioned bankruptcy cases (the "Chapter 11 Cases") by filing voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

5.  The Debtors have continued in the possession of their property and have continued to operate and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.  On December 21, 2022, the United States Trustee for the District of Delaware (the "United States Trustee") appointed the five (5) member Committee pursuant to section 1102(a)(1) of the Bankruptcy Code, and, on December 22, 2022, the Committee selected Porzio to serve as counsel to the Committee.

7.  On January 11, 2023, the Committee filed an application seeking the retention of

Porzio as counsel for the Committee *nunc pro tunc* to December 22, 2022 [Docket No. 275] (the "Porzio Retention Application"). A Certificate of No Objection regarding the Porzio Retention Application was filed January 27, 2023 [Docket No. 332]. The Order approving the Porzio Retention Application was entered on January 27, 2023 [Docket No. 333].

8. On December 19, 2022, the Debtors filed a Motion for Entry of an Order Establishing Procedures for Interim Compensation and Reimbursement of Professionals [Docket No. 99] (the "Interim Compensation Motion"). The Order approving the Compensation Motion was entered on January 6, 2023 [Docket No. 192] (the "Interim Compensation Order"), which sets forth the procedures for interim compensation and reimbursement of expenses in these Chapter 11 Cases. Specifically, the Interim Compensation Order provides, among other things, that a Professional may file and serve a monthly fee application (the "Monthly Fee Application") after the twentieth (20th) day of each month following the month for which compensation is sought. Provided that there are no objections to the Monthly Fee Application filed within twenty one (21) days after the service of a Monthly Fee Application, the Professional may file a certificate of no objection with the Court, after which the Debtors are authorized to pay such Professional eighty percent (80%) of the fees and one-hundred percent (100%) of the expenses requested in such Monthly Fee Application. If an objection is filed to the Monthly Fee Application, then the Debtors are authorized to pay 80% of the fees and 100% of the expenses not subject to objection.

## RELIEF REQUESTED

9. Pursuant to the Interim Compensation Order and Bankruptcy Code section 331, Porzio is seeking compensation in the amount of $145,410.40 which is equal to 80% of the $181,763.00 in fees for professional services rendered by Porzio during the Compensation Period. This amount is derived solely from the applicable hourly billing rates of Porzio's personnel who

rendered such services to the Committee. In addition, Porzio is seeking reimbursement of expenses incurred during the Compensation Period in the amount of $5,593.17.

### A. Compensation Requested

10. Attached as **Exhibit A** is a full and detailed statement describing the services rendered by each professional and paraprofessional at Porzio during the Compensation Period, along with the number of hours for each individual and the total compensation sought for each category. Porzio contends that this detailed itemization complies with Local Bankruptcy Rule 2016-2(d).

### B. Expense Reimbursement

11. Porzio incurred $5,593.17 of out-of-pocket expenses during the Compensation Period. A chart detailing and breaking out the specific disbursements is attached hereto as **Exhibit B**.

## VALUATION OF SERVICES

13. Attorneys and paraprofessionals of Porzio have expended a total of 239.10 hours in connection with this matter during the Compensation Period.

14. The amount of time spent by each of the professionals providing services to the Committee for the Compensation Period is set forth in Exhibit A hereto. The rates are Porzio's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Porzio for the Compensation Period as counsel for the Committee in these cases is $181,763.00.

15. In accordance with the factors enumerated in Bankruptcy Code section 330, Porzio contends that the amount requested is fair and reasonable given (i) the complexity of these cases, (ii) the time expended, (iii) the nature and extent of the services rendered, (iv) the value of such

services, and (v) the costs of comparable services other than in a case under this title. Porzio's fees are reasonable and appropriate under the applicable legal standard and in light of the complexities, timeline, size and necessity of swiftly getting the Committee up to speed on the material issues of value in this case, and should therefore be allowed.

16. Porzio believes that the time entries included in Exhibit A and the expense breakdown set forth in Exhibit B are in compliance with the requirements of Local Bankruptcy Rule 2016-2.

## NO PRIOR REQUEST

17. No prior request for the relief sought in the Application has been made to this or any other court.

## CERTIFICATE OF COMPLIANCE AND WAIVER

18. The undersigned representative of Porzio certifies that she has reviewed the requirements of Local Bankruptcy Rule 2016-2 and that the Application substantially complies with that Local Bankruptcy Rule. To the extent that the Application does not comply in all respects with the requirements of Local Bankruptcy Rule 2016-2, Porzio believes that such deviations are not material and respectfully requests that any such requirements be waived.

WHEREFORE, Porzio hereby requests pursuant to the procedures allowed in the Interim Compensation Order: (i) allowance of compensation for necessary and valuable professional services rendered to the Committee in the amount of $181,763.00 and reimbursement of expenses in the amount of $5,593.17 for the period from February 1, 2023 through February 28, 2023; (ii) payment in the total amount of $151,003.57 (representing 80% of the total fees ($181,763.00) billed and 100% of the expenses incurred during the Compensation Period); and (iii) such other relief as this Court deems just and proper.

7288336

| Date: March 27, 2023 | */s/ Cheryl A. Santaniello* |
| --- | --- |
| | Cheryl A. Santaniello, Esq. (DE Bar No. 5062) |
| | Porzio, Bromberg & Newman, P.C. |
| | 300 Delaware Avenue, Suite 1220 |
| | Wilmington, Delaware 19801 |
| | Telephone: (302) 526-1235 |
| | Facsimile: (302) 416-6064 |
| | Email: casantaniello@pbnlaw.com |

-and-

Warren J. Martin Jr., Esq. (*Pro Hac Vice*)
Robert M. Schechter, Esq. (*Pro Hac Vice*)
Kelly D. Curtin, Esq. (*Pro Hac Vice*)
David E. Sklar, Esq. (*Pro Hac Vice*)
Porzio, Bromberg & Newman, P.C.
100 Southgate Parkway
P.O. Box 1997
Morristown, New Jersey 07962
Telephone: (973) 538-4006
Facsimile: (973) 538-5146
Email: wjmartin@pbnlaw.com
Email: rmschechter@pbnlaw.com
Email: kdcurtin@pbnlaw.com
Email: desklar@pbnlaw.com

*Counsel for the Official Committee of Unsecured Creditors*