THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al.*,[1] | ) | Case No. 22-11257 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: April 18, 2023 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**THIRD MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
<u>PERIOD FROM FEBRUARY 1, 2023 THROUGH FEBRUARY 28, 2023</u>**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of December 9, 2022 by order signed January 6, 2023 |
| Period for which Compensation and Reimbursement is Sought: | February 1, 2023 through February 28, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $733,380.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   5,978.38 |

This is a:      ☒ monthly      ☐ interim      ☐ final application.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

The total time expended for fee application preparation is approximately 3.0 hours

and the corresponding compensation requested is approximately $1,000.00.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/01/23 | 12/09/22 – 12/31/22 | $584,743.00 | $59,000.64 | Pending | Pending |
| 03/27/23 | 01/01/22 – 01/31/22 | $919,432.00 | $13,855.50 | Pending | Pending |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 74.40 | $129,828.00 |
| Davis J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,645.00 | 92.40 | $151,998.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00<br>$  725.00 | 76.90<br>13.70 | $111,505.00<br>$    9,932.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,275.00 | 2.60 | $    3,315.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 58.40 | $  84,388.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 151.00 | $203,850.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,175.00 | 4.20 | $    4,935.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 2.50 | $    2,812.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 2.50 | $    2,562.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  975.00 | 5.20 | $    5,070.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 10.20 | $ 7,395.00 |
| Patricia J. Jeffries | Paralegal | $ 545.00 | 0.80 | $ 436.00 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 14.40 | $ 7,848.00 |
| Ian Densmore | Paralegal | $ 545.00 | 0.20 | $ 109.00 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 3.90 | $ 1,930.50 |
| Andrea R. Paul | Case Management Assistant | $ 425.00 | 0.20 | $ 85.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 7.50 | $ 3,187.50 |
| Karen S. Neil | Case Management Assistant | $ 425.00 | 3.30 | $ 1,402.50 |
| Virginia L. Downing | Other | $ 395.00 | 2.00 | $ 790.00 |

**Grand Total:**     **$733,380.00**
**Total Hours:**          **526.30**
**Blended Rate:**      **$1,393.46**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 320.00 | $482,521.50 |
| Bankruptcy Litigation | 37.00 | $ 47,452.00 |
| Business Operations | 23.70 | $ 35,736.50 |
| Case Administration | 15.70 | $ 11,250.00 |
| Claims Admin./Objections | 17.60 | $ 19,198.00 |
| Compensation of Professional | 9.30 | $ 7,731.00 |
| Employee Benefit/Pension | 2.70 | $ 3,675.00 |
| Executory Contracts | 38.40 | $ 50,807.50 |
| Financial Filings | 0.60 | $ 567.00 |
| Financing | 23.90 | $ 34,679.00 |
| General Creditors Committee | 0.30 | $ 464.00 |
| Meeting of Creditors | 4.80 | $ 5,949.00 |
| Plan & Disclosure Statement | 7.50 | $ 9,665.50 |
| Retention of Prof./Others | 2.60 | $ 2,197.50 |
| Stay Litigation | 8.30 | $ 11,284.00 |
| Tax Issues | 0.20 | $ 270.00 |
| Travel | 13.70 | $ 9,932.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Air Fare | American Airlines | $3,429.82 |
| Working Meal | Bistrot; Starbucks; Chickies & Petes | $ 65.88 |
| Delivery/Courier Service | Advita | $ 781.95 |
| Hotel Expense | Hotel DuPont | $ 657.80 |
| Legal Research | Lexis/Nexis | $ 13.28 |
| Outside Services | Blue Marble Logistics, LLC | $ 129.95 |
| Court Research | Pacer | $ 362.90 |
| Reproduction/ Scan Copy | | $ 348.80 |
| Travel Expense | Travel Agency Fee; Infight Wifi Service | $ 188.00 |

---

[3] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al*.,[1] | ) | Case No. 22-11257 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: April 18, 2023 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**THIRD MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
PERIOD FROM FEBRUARY 1, 2023 THROUGH FEBRUARY 28, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the

"Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the

"Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation

and Reimbursement of Expenses of Professionals," signed on or about January 6, 2023 (the

"Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel

for the debtors and debtors in possession ("Debtors"), hereby submits its Third Monthly

Application for Compensation and for Reimbursement of Expenses for the Period from February

1, 2023 through February 28, 2023 (the "Application").

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $733,380.00 and actual and necessary expenses in the amount of $5,978.38 for a total allowance of $739,358.38 and payment of $586,704.00 (80% of the allowed fees) and reimbursement of $5,978.38 (100% of the allowed expenses) for a total payment of $592,682.38 for the period February 1, 2023 through February 28, 2023 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1.      On December 9, 2022, Debtors commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession of their properties and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  An official committee of unsecured creditors (the "Committee") was appointed in these cases on or about December 21, 2022.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      On or about January 6, 2023, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending on February 28, 2023, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.      The retention of PSZ&J, as counsel for the Debtors, was approved effective as of December 9, 2022 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date," signed on or about January 6, 2023 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

**PSZ&J's APPLICATION FOR COMPENSATION AND
FOR REIMBURSEMENT OF EXPENSES**

**<u>Compensation Paid and Its Source</u>**

5.      All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6.      PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm.  PSZ&J has received payments from the Debtors during the year prior to the Petition Date

in the amount of $1,061,830.00 in connection with the preparation of initial documents and its

prepetition representation of the Debtors.  Upon final reconciliation of the amount actually

expended prepetition, any balance remaining from the payments to PSZ&J was credited to the

Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to

the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

## Fee Statements

7.      The fee statements for the Interim Period are attached hereto as Exhibit A.

These statements contain daily time logs describing the time spent by each attorney and

paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application

complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the

Administrative Order.  PSZ&J's time reports are initially handwritten by the attorney or

paralegal performing the described services.  The time reports are organized on a daily basis.

PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time

frame on a variety of different matters for a particular client, separate time entries are set forth in

the time reports.  PSZ&J's charges for its professional services are based upon the time, nature,

extent and value of such services and the cost of comparable services other than in a case under

the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time"

to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J

professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.    A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

9.    PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10.    With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11.    PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12.     The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13.     PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14.     The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below.  PSZ&J attempted to place the services provided in the category that best relates to such services.  However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category.  These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A.    Asset Disposition

15.    This category relates to the sale or other disposition of assets.  During the Interim Period, the Firm, among other things:  (1) performed work regarding bid evaluation issues; (2) attended to scheduling issues; (3) reviewed and revised the CVS and Walgreens Asset Purchase Agreements; (4) reviewed and analyzed competing bids; (5) reviewed and analyzed auction issues; (6) reviewed and analyzed revisions to bid ancillary documents; (7) reviewed and analyzed issues regarding the Cook Street settlement; (8) reviewed and analyzed cure and cure objection issues; (9) performed work regarding a response to Walgreen bid deficiencies; (10) attended to issues regarding the ANRO sale objection; (11) performed research; (12) reviewed and analyzed sale notice issues; (13) reviewed and analyzed bid procedures issues; (14) reviewed and analyzed overbid issues; (15) reviewed and analyzed purchase price calculations; (16) performed work regarding a notice of auction; (17) reviewed and commented on potential bidder non-disclosure agreements; (18) performed work regarding a form of notice of auction results; (19) performed work regarding sale order revisions; (20) performed work regarding a notice of auction; (21) reviewed and analyzed issues regarding bid procedures requirements; (22) reviewed and analyzed a Committee motion to compel qualification of bids; (23) performed work regarding a summary of cure disputes; (24) reviewed and analyzed additional overbid materials, revisions to overbid ancillary documents and further revisions to Asset Purchase Agreements; (25) prepared for and attended auction proceedings and related

meetings with representatives of buyers and the Committee on February 3 and 4, 2023;

(26) prepared a summary of cure disputes for Terramar and prepared for and attended a meeting

with Terramar representatives on February 3, 2023 regarding cure disputes and sale objection

issues; (27) performed work regarding a sale hearing proffer of R. Willis; (28) performed work

regarding Asset Purchase Agreement negotiations; (29) reviewed and analyzed a Rock Creek

waterfall analysis; (30) reviewed and analyzed revised Asset Purchase Agreements by bidders;

(31) finalized a notice of auction results; (32) performed work regarding revisions to a sale order

to conform to the Walgreens Asset Purchase Agreement; (33) performed work regarding a bill of

sale; (34) reviewed and analyzed closing issues; (35) reviewed and analyzed Terramar comments

to a sale order regarding bid protections, and revised the order; (36) performed work regarding

deposit return issues; (37) reviewed and analyzed Walgreen's comments to a sale order and

revised the order; (38) performed work regarding a post-closing budget; (39) performed work

regarding a notice of successful bidder Asset Purchase Agreement; (40) reviewed and analyzed

HIPAA issues relating to the Walgreens' bid; (41) attended to issues regarding the Caremark

objection; (42) attended to issues regarding the payment of stalking horse expense

reimbursement; (43) reviewed and analyzed issues regarding the withdrawal of the ANRO sale

objection; (44) performed work regarding a resolution of privacy issues raised by the United

States Trustee; (45) performed work regarding a notice of filing of revised sale order;

(46) reviewed and revised a proffer for bid procedures hearing; (47) prepared for and attended a

sale hearing on February 7, 2023; (48) reviewed and analyzed a statement of the Committee

regarding sale; (49) reviewed and analyzed release issues; (50) prepared for and attended a

telephonic conference on February 8, 2023 with representatives of Walgreens regarding closing issues; (51) reviewed and analyzed materials regarding closing issues; (52) performed work regarding a closing list and performed work regarding closing issues; (53) reviewed and analyzed issues regarding Debtor in Possession financing payoff; (54) reviewed and analyzed wind-down issues; (55) reviewed and analyzed post-closing timeline issues; (56) reviewed and analyzed intellectual property assignment issues; (57) performed work regarding inventory issues; (58) reviewed and analyzed license issues; (59) performed work regarding a post-sale checklist; (60) reviewed and analyzed closing deadline issues; (61) prepared for and attended a telephonic conference on February 14 and 15, 2023 with buyer representatives regarding sale issues, including prescription and closing timing issues; (62) reviewed and analyzed document storage issues; (63) performed work regarding inventory closing issues; (64) performed work regarding a miscellaneous asset sale motion; (65) reviewed and analyzed remaining liquidation tasks; (66) performed work regarding a premises surrender chart; (67) reviewed and analyzed issues regarding the purchase of claims; (68) performed work regarding a private sale motion for equipment; (69) reviewed and analyzed issues regarding closing funds; (70) performed work regarding a motion to establish procedures for miscellaneous asset sales free and clear and a related motion to shorten time; and (71) corresponded and conferred regarding asset disposition issues.

Fees:  $482,521.50;    Hours:  320.00

**B.      Bankruptcy Litigation**

16.      This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court.  During the Interim Period, the Firm, among other things: (1) performed work regarding Agenda Notices and Hearing Binders; (2) reviewed and analyzed securities issues; (3) reviewed and analyzed issues regarding a discrimination case; (4) attended to document transfer issues; (5) attended to scheduling issues; (6) reviewed and analyzed wind-down issues; (7) reviewed and analyzed issues regarding a California civil rights department investigation, and performed work regarding a response; (8) reviewed and analyzed name change issues; and (9) conferred and corresponded regarding bankruptcy litigation issues.

Fees:  $47,452.00;     Hours:  37.00

**C.      Business Operations**

17.      This category relates to work regarding business operations issues. During the Interim Period, the Firm, among other things:  (1) performed work regarding name change resolutions; (2) performed work regarding New York charter amendments; (3) performed work regarding articles of amendment for Medly Baltimore; (4) performed work regarding certificates of amendment relating to name changes for Texas, Connecticut and Florida entities; and (5) corresponded and conferred regarding business operations issues.

Fees:  $35,736.50;     Hours:  23.70

**D.      Case Administration**

18.      This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained document control; (3) maintained service lists; and

(4) corresponded and conferred regarding case administration issues.

Fees:  $11,250.00;      Hours:  15.70

### E.    Claims Administration and Objections

19.    This category relates to work regarding claims administration and claims

objections.  During the Interim Period, the Firm, among other things:  (1) responded to creditor

inquiries; (2) reviewed and analyzed bar date issues; (3) reviewed and analyzed tax claim issues;

(4) reviewed and analyzed issues regarding a bar date motion; (5) reviewed and analyzed issues

regarding Trader Joe's and Papyrus claims; and (6) corresponded and conferred regarding claim

issues.

Fees:  $19,198.00;      Hours:  17.60

### F.    Compensation of Professionals

20.    This category relates to work regarding the compensation of the Firm.

During the Interim Period, the Firm, among other things:  (1) performed work regarding its

December 2022 fee application; (2) performed work regarding the Firm's First quarterly fee

application; and (3) corresponded regarding compensation issues.

Fees:  $7,731.00;      Hours:  9.30

### G.    Employee Benefits and Pensions

21.    This category relates to work regarding employee benefit plans and

pensions, and other employee issues.  During the Interim Period, the Firm, among other things:

(1) reviewed and responded to employee inquiries; (2) reviewed and analyzed issues relating to

the Department of Labor and a 401(k) plan; and (3) conferred and corresponded regarding

employee issues.

Fees:  $3,675.00;      Hours:  2.70

**H.      Executory Contracts**

22.      This category relates to work regarding executory contracts and unexpired

leases of real property.  During the Interim Period, the Firm, among other things:  (1) performed

work regarding a motion and order to extend the deadline to assume or reject leases for

nonresidential real property; (2) performed work regarding an Omnibus rejection order;

(3) reviewed and analyzed issues regarding a list of leases; (4) attended to issues regarding the

Queen Anne lease; (5) performed work regarding a stipulation relating to rejection of the Cook

Street lease; (6) performed work regarding a Second lease rejection motion and order;

(7) attended to Trader Joe's lease issues; (8) performed work regarding the Ballard Spahr lease

matter; (9) performed work regarding the North Broadway lease matter; (10) performed work

regarding the Cardinal and Papyrus matters; (11) attended to issues regarding the Table Mesa

lease matter; (12) reviewed and analyzed issues regarding landlord requests for claim

stipulations; (13) performed work regarding a Third Omnibus rejection motion; (14) performed

work regarding a draft premises surrender letter; (15) performed work regarding the 2nd and

Madison lease matter; (16) performed work regarding a stipulation related to the Iron Mountain

contract; (17) performed work regarding surrender letters to landlords; (18) performed work

regarding the Menlo Park lease matter; (19) attended to issues regarding the Bel Aire and Pacific

Palisades lease matters; (20) performed work regarding rejection of the Houston and Dallas

leases; (21) reviewed and analyzed abandonment issues in the ANRO matter; (22) performed work regarding the San Francisco and Santa Monica lease matters; and (23) corresponded and conferred regarding lease and executory contract issues.

Fees:  $50,807.50;      Hours:  38.40

**I.    Financial Filings**

23.    This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Schedules and Statements; (2) reviewed and analyzed issues regarding Monthly Operating Reports; and (3) corresponded and conferred regarding financial filings issues.

Fees:  $567.00;        Hours:  0.60

**J.    Financing**

24.    This category relates to work regarding Debtor in Possession ("DIP") financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding budget issues; (2) reviewed and analyzed issues regarding DIP lender professionals' fees; (3) reviewed and analyzed cash collateral issues; (4) attended to funding issues; (5) reviewed and analyzed waterfall issues; (6) reviewed and analyzed wind-down issues; (7) performed work regarding a cash management order; (8) reviewed and analyzed issues regarding payment of the DIP loan, and performed work regarding a DIP loan payoff letter; (9) reviewed and analyzed post-closing budget issues and a request for an extension relating to DIP financing and cash collateral use; (10) performed work regarding a revised post-closing budget; (11) prepared for and attended a telephonic conference on February 27, 2023

with Committee advisors regarding the post-closing budget; and (12) corresponded and

conferred regarding financing issues.

Fees:  $34,679.00;      Hours:  23.90

### K.      General Creditors Committee

25.      This category relates to work regarding general creditors committee

issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed a

Committee issues list, and reviewed and forwarded documents to the Committee.

Fees:  $464.00;        Hours:  0.30

### L.      Meeting of Creditors

26.      This category relates to work regarding meeting of creditors issues.

During the Interim Period, the Firm, among other things:  (1) performed work regarding binders

for a Section 341 Meeting of Creditors; (2) prepared for and attended a Section 341 Meeting of

Creditors on February 6, 2023, and (3) corresponded and conferred regarding meeting of

creditors issues.

Fees:  $5,949.00;      Hours:  4.80

### M.      Plan and Disclosure Statement

27.      This category relates to work regarding a Plan of Reorganization ("Plan")

and Disclosure Statement.  During the Interim Period, the Firm, among other things:

(1) performed work regarding preparation of a Plan and Disclosure Statement; (2) reviewed and

analyzed Plan-related documents; and (3) corresponded regarding Plan and Disclosure Statement

issues.

Fees:  $9,665.50;      Hours:  7.50

**N.    Retention of Professionals--Others**

28.    This category relates to work regarding the retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding Ordinary Course Professionals issues; (2) performed work regarding the Irwin Schwartz matter; and (3) corresponded and conferred regarding retention issues.

Fees:  $2,197.50;        Hours:  2.60

**O.    Stay Litigation**

29.    This category relates to work regarding the automatic stay and relief from stay motion issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the SM RET motion for relief from stay to issue default notice and draw on letter of credit, and performed work regarding a response; (2) performed work regarding a stipulation for relief from stay to apply deposit relating to the Walnut Street lease; (3) performed research; (4) reviewed and analyzed mechanic's lien issues; (5) reviewed and analyzed the Cruz motion for relief from stay and to compel payment of rent; (6) reviewed and analyzed the Ramon relief from stay motion; (7) performed work regarding a response to the JA Carpentry relief from stay motion; and (8) corresponded and conferred regarding stay litigation issues.

Fees:  $11,284.00;       Hours:  8.30

**P.    Tax Issues**

30.    This category relates to work regarding tax issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding the State of Maryland and withholding taxes.

Fees:  $270.00;          Hours:  0.20

Q.    **Travel**

31.    During the Interim Period, the Firm incurred non-working time while

traveling on case matters.  Such time is billed at one-half the normal rate.

Fees:  $9,932.50;    Hours:  13.70

**Valuation of Services**

32.    Attorneys and paraprofessionals of PSZ&J expended a total 526.30 hours

in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 74.40 | $129,828.00 |
| Davis J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,645.00 | 92.40 | $151,998.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00<br>$  725.00 | 76.90<br>13.70 | $111,505.00<br>$    9,932.50 |
| Joshua M. Fried | Partner 2006; Member of CA Bar since 1995; Member of NY Bar since 1999; Member of NJ Bar since 2000 | $1,275.00 | 2.60 | $    3,315.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 58.40 | $  84,388.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 151.00 | $203,850.00 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,175.00 | 4.20 | $    4,935.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 2.50 | $    2,812.50 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE & NH Bars since 2010 | $1,025.00 | 2.50 | $    2,562.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $  975.00 | 5.20 | $    5,070.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $   725.00 | 10.20 | $   7,395.00 |
| Patricia J. Jeffries | Paralegal | $   545.00 | 0.80 | $   436.00 |
| Patricia E. Cuniff | Paralegal | $   545.00 | 14.40 | $   7,848.00 |
| Ian Densmore | Paralegal | $   545.00 | 0.20 | $   109.00 |
| Cheryl A. Knotts | Paralegal | $   495.00 | 3.90 | $   1,930.50 |
| Andrea R. Paul | Case Management Assistant | $   425.00 | 0.20 | $   85.00 |
| Charles J. Bouzoukis | Case Management Assistant | $   425.00 | 7.50 | $   3,187.50 |
| Karen S. Neil | Case Management Assistant | $   425.00 | 3.30 | $   1,402.50 |
| Virginia L. Downing | Other | $   395.00 | 2.00 | $   790.00 |

**Grand Total:      $733,380.00**
**Total Hours:           526.30**
**Blended Rate:      $1,393.46**

33.      The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $733,380.00.

34.      In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period February 1, 2023 through February 28, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $733,380.00 and actual and necessary expenses in the amount of $5,978.38 for a total allowance of $739,358.38 and payment of $586,704.00 (80% of the allowed fees) and reimbursement of $5,978.38 (100% of the allowed expenses) be authorized for a total payment of $592,682.38, and for such other and further relief as this Court may deem just and proper.

Dated:  March 28, 2023                    PACHULSKI STANG ZIEHL & JONES LLP


/s/ Laura Davis Jones
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

Counsel to the Debtors and Debtors in Possession

## **DECLARATION**

STATE OF DELAWARE    :
                                     :

COUNTY OF NEW CASTLE  :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a)      I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about January 6, 2023, and submit that the Application substantially complies with such Rule and Order.

/s/ Laura Davis Jones_____
Laura Davis Jones