THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al.*,[1] | ) | Case No. 22-11257 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objection Deadline: April 24, 2023 at 4:00 p.m.**
**Hearing Date: Scheduled only if Necessary**

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM MARCH 1, 2023 THROUGH MARCH 31, 2023**

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | Effective as of December 9, 2022 by order signed January 6, 2023 |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2023 through March 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $481,233.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $  2,167.85 |

This is a:     ☒ monthly     ☐ interim     ☐ final application.

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767).  The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,000.00.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 03/01/23 | 12/09/22 – 12/31/22 | $584,743.00 | $59,000.64 | $467,794.40 | $59,000.64 |
| 03/27/23 | 01/01/23 – 01/31/23 | $919,432.00 | $13,855.50 | Pending | Pending |
| 03/28/23 | 02/01/23 – 02/28/23 | $733,380.00 | $ 5,978.38 | Pending | Pending |

**PSZ&J PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 45.90 | $ 80,095.50 |
| Davis J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,645.00 | 1.60 | $   2,632.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $1,525.00 | 1.60 | $   2,440.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00 | 31.90 | $ 46,255.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 17.40 | $ 25,143.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 94.40 | $127,440.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 75.40 | $ 84,825.00 |
| Nina L. Hong | Partner 2006; Member of CA Bar since 1996 | $1,075.00 | 71.30 | $ 76,647.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 975.00 | 12.10 | $ 11,797.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 6.20 | $   4,495.00 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Patricia J. Jeffries | Paralegal | $ 545.00 | 2.70 | $ 1,471.50 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 23.50 | $ 12,807.50 |
| Ian Densmore | Paralegal | $ 545.00 | 0.20 | $ 109.00 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 5.10 | $ 2,524.50 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 3.40 | $ 1,445.00 |
| Karen S. Neil | Case Management Assistant | $ 425.00 | 2.60 | $ 1,105.00 |

**Grand Total:** $481,233.00  
**Total Hours:** 395.30  
**Blended Rate:** $1,217.39

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---:|---:|
| Asset Analysis/Recovery | 3.60 | $ 5,023.00 |
| Asset Disposition | 93.10 | $105,351.50 |
| Bankruptcy Litigation | 123.20 | $162,969.50 |
| Case Administration | 13.10 | $ 9,494.00 |
| Claims Admin./Objections | 32.30 | $ 43,335.50 |
| Compensation of Professional | 18.70 | $ 15,657.00 |
| Compensation of Prof./Others | 1.30 | $ 1,841.50 |
| Employee Benefit/Pension | 11.00 | $ 14,850.00 |
| Executory Contracts | 14.70 | $ 18,477.00 |
| Financial Filings | 19.90 | $ 16,906.00 |
| Financing | 12.50 | $ 17,836.50 |
| General Business Advice | 15.20 | $ 22,435.00 |
| General Creditors Committee | 3.90 | $ 5,212.00 |
| Litigation (Non-Bankruptcy) | 0.20 | $ 290.00 |
| Plan & Disclosure Statement | 8.20 | $ 11,636.00 |
| Stay Litigation | 22.30 | $ 27,276.00 |
| Tax Issues | 2.10 | $ 2,642.50 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---:|
| Auto Travel Expense | KLS Worldwide Chauffeured Services | $1,126.45 |
| Hotel Expense | Hotel DuPont | $ 990.70 |
| Reproduction/ Scan Copy | | $ 50.70 |

---

[3] PSZ&J may use one or more service providers.  The service providers identified herein below are the primary service providers for the categories described.

THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al.*,[1] | ) | Case No. 22-11257 (KBO) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | | **Objection Deadline: April 24, 2023 at 4:00 p.m.**<br>**Hearing Date: Scheduled only if Necessary** |

**FOURTH MONTHLY APPLICATION FOR COMPENSATION
AND REIMBURSEMENT OF EXPENSES OF
PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL
FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR
THE PERIOD FROM MARCH 1, 2023 THROUGH MARCH 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), and the Court's "Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals," signed on or about January 6, 2023 (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), counsel for the debtors and debtors in possession ("Debtors"), hereby submits its Fourth Monthly Application for Compensation and for Reimbursement of Expenses for the Period from March 1, 2023 through March 31, 2023 (the "Application").

---

[1] The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767). The Debtors' business address is 7088 Winchester Circle, Suite 100, Boulder CO 80301.

By this Application PSZ&J seeks a monthly interim allowance of compensation in the amount of $481,233.00 and actual and necessary expenses in the amount of $2,167.85 for a total allowance of $483,400.85 and payment of $384,986.40 (80% of the allowed fees) and reimbursement of $2,167.85 (100% of the allowed expenses) for a total payment of $387,154.25 for the period March 1, 2023 through March 31, 2023 (the "Interim Period").  In support of this Application, PSZ&J respectfully represents as follows:

### Background

1. On December 9, 2022, Debtors commenced their cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  The Debtors continue in possession of their properties and continue to operate and manage their businesses as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No trustee or examiner has been appointed in any of the Debtors' chapter 11 cases.  An official committee of unsecured creditors (the "Committee") was appointed in these cases on or about December 21, 2022.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. On or about January 6, 2023, the Court signed the Administrative Order, authorizing certain professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%)

of the requested fees and one hundred percent (100%) of the requested expenses.  Beginning with the period ending on February 28, 2023, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

4.     The retention of PSZ&J, as counsel for the Debtors, was approved effective as of December 9, 2022 by this Court's "Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Counsel for the Debtors Effective as of the Petition Date," signed on or about January 6, 2023 (the "Retention Order").  The Retention Order authorized PSZ&J to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

5.     All services for which PSZ&J requests compensation were performed for or on behalf of the Debtors.

6.     PSZ&J has received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  The Firm has no agreement with any other entity to share with such entity any compensation received by the Firm in connection with these Cases, except among the partners, of counsel, and associates of the Firm.  PSZ&J has received payments from the Debtors during the year prior to the Petition Date

in the amount of $1,061,830.00 in connection with the preparation of initial documents and its prepetition representation of the Debtors. Upon final reconciliation of the amount actually expended prepetition, any balance remaining from the payments to PSZ&J was credited to the Debtors and utilized as PSZ&J's retainer to apply to postpetition fees and expenses pursuant to the compensation procedures approved by this Court in accordance with the Bankruptcy Code.

### Fee Statements

7.     The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate. To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

8.  A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier.  PSZ&J summarizes each client's photocopying charges on a daily basis.

9.  PSZ&J charges $0.25 per page for out-going facsimile transmissions.  There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services.  PSZ&J does not charge the Debtors for the receipt of faxes in these cases.

10. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for computerized legal research.  PSZ&J bills its clients the actual amounts charged by such services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

11. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

## Summary of Services Rendered

12. The names of the partners and associates of PSZ&J who have rendered professional services in these cases during the Interim Period, and the paralegals and case management assistants of PSZ&J who provided services to these attorneys during the Interim Period, are set forth in the attached Exhibit A.

13. PSZ&J, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Debtors on a regular basis with respect to various matters in connection with the Debtors' bankruptcy cases, and performed all necessary professional services which are described and narrated in detail below. PSZ&J's efforts have been extensive due to the size and complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

14. The services rendered by PSZ&J during the Interim Period can be grouped into the categories set forth below. PSZ&J attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached Exhibit A. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A. Asset Analysis and Recovery

15. This category relates to asset analysis and recovery issues. During the Interim Period, the Firm, among other things: (1) performed work regarding litigation claims disposition; (2) performed work regarding deposit return issues relating to AMEX; (3) reviewed and analyzed issues regarding collection of a receivable; and (4) corresponded and conferred regarding asset analysis and recovery issues.

        Fees: $5,023.00;    Hours: 3.60

### B. Asset Disposition

16. This category relates to the sale or other disposition of assets. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed asset sale issues; (2) attended to issues regarding the pickup of medical supplies; (3) reviewed and analyzed wind-down issues; (4) performed work regarding an order on the miscellaneous assets sale procedures motion; (5) reviewed and analyzed landlord issues; (6) performed work regarding sale notices; (7) performed work regarding the sale of miscellaneous and *de minimis* assets; (8) performed work regarding issues relating to DataKnow; (9) reviewed and analyzed domain name issues; (10) performed work regarding a summary of miscellaneous asset sales status; (11) reviewed and analyzed post-closing deadline issues; (12) performed work regarding post-closing obligations; (13) performed work regarding Walgreens post-closing deliverables; (14) attended to issues

regarding the surrender of warehouse premises; and (15) corresponded and conferred regarding asset disposition issues.

                Fees: $105,351.50;   Hours: 93.10

**C.    Bankruptcy Litigation**

17.    This category relates to work regarding motions or adversary proceedings in the Bankruptcy Court. During the Interim Period, the Firm, among other things: (1) performed work regarding wind-down issues; (2) attended to IT issues; (3) performed work regarding Agenda Notices and Hearing Binders; (4) reviewed and analyzed removal issues; (5) reviewed and analyzed deadline issues; (6) performed work regarding a motion to extend the removal deadline; (7) performed work regarding the SEC request to extend the time to file a non-dischargeability complaint; (8) reviewed and analyzed potential case conversion issues; (9) performed work regarding a conversion motion; (10) performed work regarding a notice of change of case caption; (11) performed research; and (12) conferred and corresponded regarding bankruptcy litigation issues.

                Fees: $162,969.50;   Hours: 123.20

**D.    Case Administration**

18.    This category relates to work regarding administration of this case. During the Interim Period, the Firm, among other things: (1) maintained a memorandum of critical dates; (2) maintained document control; (3) performed work regarding an equity list; and (4) corresponded and conferred regarding case administration issues.

                Fees: $9,494.00;    Hours: 13.10

### E.     Claims Administration and Objections

19.    This category relates to work regarding claims administration and claims objections. During the Interim Period, the Firm, among other things: (1) performed work regarding a claims bar date motion; (2) performed research; (3) reviewed and analyzed the Atlas administrative claim motion; (4) reviewed and analyzed issues regarding administrative and priority claims; (5) reviewed and analyzed WARN Act claim issues; (6) reviewed and responded to creditor inquiries; (7) reviewed and analyzed issues regarding the Papyrus secured claim; (8) performed work regarding an opposition to the Atlas administrative claim motion; (9) attended to issues regarding the 40 West Main Street administrative claim motion; (10) attended to issues regarding administrative claim motions relating to the Cruz and Somerville matters; and (11) corresponded and conferred regarding claim issues.

Fees: $43,335.50;    Hours: 32.30

### F.     Compensation of Professionals

20.    This category relates to work regarding the compensation of the Firm. During the Interim Period, the Firm, among other things, reviewed and analyzed professional fee escrow and carve-out issues, and corresponded regarding compensation issues.

Fees: $15,657.00;    Hours: 18.70

### G.     Compensation of Professionals--Others

21.    This category relates to work regarding the compensation of professionals, other than the Firm. During the Interim Period, the Firm, among other things: (1) attended to issues regarding payments on Committee fee applications; (2) reviewed and analyzed issues

regarding Silicon Valley Bank counsel invoices; (3) reviewed and analyzed issues regarding Epiq invoices; and (4) corresponded regarding compensation issues.

                Fees: $1,841.50;     Hours: 1.30

### H. Employee Benefits and Pensions

22. This category relates to work regarding employee benefit plans and pensions, and other employee issues. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed workers' compensation issues; (2) reviewed and analyzed issues regarding termination of a 401(k) plan; (3) reviewed and analyzed issues regarding a California Civil Rights Department investigation relating to Jaimes; (4) reviewed and analyzed 401(k) documents; (5) performed work regarding responses to the Department of Labor regarding 401(k) plan documents; (6) performed research; (7) reviewed and analyzed health plan documents; and (8) conferred and corresponded regarding employee issues.

                Fees: $14,850.00;     Hours: 11.00

### I. Executory Contracts

23. This category relates to work regarding executory contracts and unexpired leases of real property. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed surrender of premises issues; (2) attended to issues regarding the Carlsbad and Santa Monica leases; (3) reviewed and analyzed stub rent issues; (4) attended to issues regarding rent claims of Trader Joe's; (5) reviewed and analyzed rejection order issues regarding the Table Mesa and Bel Aire matters; (6) performed work regarding an order on the Third Omnibus rejection motion; (7) reviewed and analyzed issues regarding the UKG and Iron Mountain

matters; (8) reviewed and analyzed the Somerville landlord motion for allowance and payment of stub rent; (9) performed work regarding a surrender letter for a warehouse landlord; (10) performed work regarding a Fourth Omnibus rejection motion; and (11) corresponded and conferred regarding lease and executory contract issues.

        Fees:  $18,477.00;     Hours:  14.70

### J.    Financial Filings

24.    This category relates to work regarding compliance with reporting requirements.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding Monthly Operating Reports.

        Fees:  $16,906.00;     Hours:  19.90

### K.    Financing

25.    This category relates to work regarding Debtor in Possession financing and use of cash collateral.  During the Interim Period, the Firm, among other things: (1) performed work regarding budget issues; (2) performed work regarding Plan of Reorganization funding issues; (3) reviewed and analyzed issues regarding Papyrus; (4) reviewed and analyzed conversion motion issues; and (5) corresponded and conferred regarding financing issues.

        Fees:  $17,836.50;     Hours:  12.50

### L.    General Business Advice

26.    This category relates to work regarding general business advice issues. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed name change amendment issues; (2) prepared for and attended Board telephonic conferences on March

1, 5, and 16, 2023 regarding case issues; (3) performed work regarding name change amendments; and (4) corresponded and conferred regarding general business advice issues.

Fees: $22,435.00;    Hours: 15.20

### M.    General Creditors Committee

27. This category relates to work regarding general creditors committee issues. During the Interim Period, the Firm, among other things, conferred and corresponded with Committee counsel regarding case issues.

Fees: $5,212.00;    Hours: 3.90

### N.    Non-Bankruptcy Litigation

28. This category relates to work regarding litigation in non-Bankruptcy Courts. During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding the Champion State Court action.

Fees: $290.00;    Hours: 0.20

### O.    Plan and Disclosure Statement

29. This category relates to work regarding a Plan of Reorganization ("Plan") and Disclosure Statement. During the Interim Period, the Firm, among other things: (1) reviewed and analyzed wind-down issues; (2) attended to funding issues; (3) performed work regarding an analysis of potential claims and a presentation for a Board of Directors meeting on Plan issues; (4) performed work regarding exit options and professional fee issues; and (5) corresponded and conferred regarding Plan and Disclosure Statement issues.

Fees: $11,636.00;    Hours: 8.20

**P.     Stay Litigation**

30.     This category relates to work regarding the automatic stay and relief from stay motion issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the JA Carpentry relief from stay motion and performed work regarding a response; (2) performed research; (3) performed work regarding a resolution of the SM RET relief from stay motion; (4) reviewed and analyzed issues regarding the Cruz motion for relief from stay and performed work regarding a resolution; (5) performed work regarding an opposition to the Atlas relief from stay motion; and (6) corresponded and conferred regarding stay litigation issues.

Fees: $27,276.00;    Hours:  22.30

**Q.     Tax Issues**

31.     This category relates to work regarding tax issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed Texas and Idaho tax issues, and reviewed and analyzed IRS amended claims issues.

Fees: $2,642.50;    Hours:  2.10

**Valuation of Services**

32.     Attorneys and paraprofessionals of PSZ&J expended a total 395.30 hours in connection with their representation of the Debtors during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Laura Davis Jones | Partner 2000; Joined Firm 2000; Member of DE Bar since 1986 | $1,745.00 | 45.90 | $ 80,095.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Davis J. Barton | Partner 2000; Member of CA Bar since 1981 | $1,645.00 | 1.60 | $ 2,632.00 |
| Kenneth H. Brown | Partner 2001; Member of CA Bar since 1981 | $1,525.00 | 1.60 | $ 2,440.00 |
| David M. Bertenthal | Partner 1999; Member of CA Bar since 1993 | $1,450.00 | 31.90 | $ 46,255.00 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,445.00 | 17.40 | $ 25,143.00 |
| Mary F. Caloway | Of Counsel 2020; Member of DE Bar since 1992 | $1,350.00 | 94.40 | $127,440.00 |
| Timothy P. Cairns | Partner 2012; Member of DE Bar 2002-2014; 2017-Present | $1,125.00 | 75.40 | $ 84,825.00 |
| Nina L. Hong | Partner 2006; Member of CA Bar since 1996 | $1,075.00 | 71.30 | $ 76,647.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 975.00 | 12.10 | $ 11,797.50 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 725.00 | 6.20 | $ 4,495.00 |
| Patricia J. Jeffries | Paralegal | $ 545.00 | 2.70 | $ 1,471.50 |
| Patricia E. Cuniff | Paralegal | $ 545.00 | 23.50 | $ 12,807.50 |
| Ian Densmore | Paralegal | $ 545.00 | 0.20 | $ 109.00 |
| Cheryl A. Knotts | Paralegal | $ 495.00 | 5.10 | $ 2,524.50 |
| Charles J. Bouzoukis | Case Management Assistant | $ 425.00 | 3.40 | $ 1,445.00 |
| Karen S. Neil | Case Management Assistant | $ 425.00 | 2.60 | $ 1,105.00 |

**Grand Total:** $481,233.00
**Total Hours:** 395.30
**Blended Rate:** $1,217.39

33.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Debtors during the Interim Period is $481,233.00.

34. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

WHEREFORE, PSZ&J respectfully requests that, for the period March 1, 2023 through March 31, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $481,233.00 and actual and necessary expenses in the amount of $2,167.85 for a total allowance of $483,400.85 and payment of $384,986.40 (80% of the allowed fees) and reimbursement of $2,167.85 (100% of the allowed expenses) be authorized for a total payment of $387,154.25, and for such other and further relief as this Court may deem just and proper.

Dated:  April 3, 2023         PACHULSKI STANG ZIEHL & JONES LLP

/s/ Laura Davis Jones_____
Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:  ljones@pszjlaw.com
         dbertenthal@pszjlaw.com
         tcairns@pszjlaw.com

Counsel to the Debtors and Debtors in Possession

# **DECLARATION**

STATE OF DELAWARE       :
                        :
COUNTY OF NEW CASTLE    :

Laura Davis Jones, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with the work performed on behalf of the debtors and debtors in possession by the lawyers and paraprofessionals of PSZ&J.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2 and the Administrative Order signed on or about January 6, 2023, and submit that the Application substantially complies with such Rule and Order.

/s/ Laura Davis Jones_____
Laura Davis Jones