**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| MEDLY HEALTH INC., *et al.*, [1] | ) | Case No. 22-11257 (KBO) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 476** |
| | ) | |

**Objection Deadline (extended for Debtors): April 4, 2023 at 4:00 p.m. (ET)**
**Hearing Date: April 11, 2023 at 9:30 a.m. (ET)**

**DEBTORS' RESPONSE TO MOTION OF CARDINAL HEALTH FOR
RELIEF FROM THE AUTOMATIC STAY, FOR CAUSE, TO SET-OFF
MUTUAL PRE-PETITION OBLIGATIONS AND TO TERMINATE
CONTRACTS**

The above-referenced debtors and debtors in possession (together, the "<u>Debtors</u>") hereby

submit this response (the "<u>Response</u>") to the *Motion of Cardinal Health for Relief from the*

*Automatic Stay, for Cause, to Set-off Mutual Pre-Petition Obligations and to Terminate Contracts*

[Docket No. 476] (the "<u>Cardinal Motion</u>)[2].  In support of this Response, the Debtors respectfully

state as follows:

---

[1]  The Debtors, along with the last four (4) digits of each Debtor's federal tax identification number are: Medly Health Inc. (3391); Care Well Pharmacy, Inc. (9048); Grubbs Care Pharmacy NW Inc. (0490); Marg Pharmacy, Inc. (5838); Medly Atlanta Inc. (7312); Medly Baltimore Inc. (2354); Medly Bedford Ave Pharmacy Inc. (3690); Medly Bristol Inc. (4556); Medly Bronx Inc. (4741); Medly Chicago Inc. (5231); Medly Dallas Inc. (7581); Medly DC Inc. (9403); Medly Enterprise LLC (8898); Medly Grand Central Inc. (1741); Medly Houston Inc. (7443); Medly Jersey City Inc. (5677); Medly Mail Service Pharmacy LLC (9203); Medly Miami Inc. (8101); Medly Orlando Inc. (7581); Medly Pharmacy Inc. (4606); Medly Pharmacy PA Inc. (8494); Medly Pittsburgh Inc. (8381); Medly Queens Inc. (9623); Medly Raleigh Inc. (5140); Medly San Antonio Inc. (9973); Medly Stamford Inc. (4966); Medly Tampa Inc. (5128); Medly UCHC Pharmacy Inc. (6672); Medly Utah Inc. (4648); Pharmaca Integrative Pharmacy, Inc. (0334); Tango340B LLC (4781); West Campbell Pharmacy Inc. (2931); Khora Health Solutions Inc. (2909); and RPH Innovations LLC (3767).  The Debtors' mailing address is P.O. Box 1086, Niwot, CO 80544.

[2] Capitalized terms not otherwise defined herein shall have the meanings given to them in the Cardinal Motion.

**PRELIMINARY STATEMENT**

The Debtors recently filed a motion to convert these chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [Docket No.519] (the "Conversion Motion").  The Court will hear the Conversion Motion at a hearing on April 25, 2023.  The Debtors believe the Court could deny the Cardinal Motion for the reasons set forth below.  However, in light of the pending conversion to chapter 7, the Debtors submit that the Court could adjourn consideration of the Cardinal Motion until after a chapter 7 trustee has been appointed and has had an opportunity to review the issues.

**BACKGROUND**

1.      On December 9, 2022 (the "Original Petition Date"), each of the Debtors, other than Khora Health Solutions Inc. ("Khora") and RPH Innovations LLC ("RPHI") (the "Original Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On December 28, 2022, Khora and RPHI filed voluntary petitions under chapter 11 of the Bankruptcy Code. The Court entered an order authorizing Khora's and RPHI's cases to be jointly administered with the Original Debtors' cases.

2.      Following the commencement of these chapter 11 cases, the Debtors marketed and sold substantially all of their operating assets.  Following the closing of those sales, the Debtors sold their remaining inventory and certain miscellaneous and *de minimis* assets.  The Debtors also evaluated any remaining assets with potential to generate cash through future sale efforts.

3.      The Debtors were not able to identify any potential recoveries that would fund the significant going-forward expenses related to (a) the review and liquidation of the claims pending against the estates (both administrative claims and those that may have accrued prior to the Petition

Date, including priority claims) and (b) the negotiation, preparation and confirmation of a liquidating plan. Furthermore, after evaluating known and likely claims against the estates, the Debtors determined that there is insufficient funding available to satisfy pending administrative and priority claims as required under the Bankruptcy Code to confirm a liquidating plan. Accordingly, the Debtors, in the exercise of their business judgment, determined that conversion of these cases to chapter 7 was in the best interest of their estates and filed the Conversion Motion.

**RESPONSE TO MOTION**

4.      By the Motion, Cardinal Health (as defined in the Cardinal Motion) seeks relief from the automatic stay to (a) effectuate a purportedly mutual prepetition set-off and (b) terminate all contracts between the Debtors and Cardinal Health (the "Cardinal Contracts").

5.      The Cardinal Motion should either be (a) denied or (b) adjourned to a date following the appointment of a chapter 7 trustee.

6.      As Cardinal Health readily acknowledges, it owes the Debtors over $377,000 in rebates and credits (collectively, the "PVA Rebates") under the Prime Vendor Agreement (the "PVA").  See Cardinal Motion at ¶16.

7.      The Court could simply deny the Cardinal Motion.  The Debtors believe Cardinal Health improperly withheld paying the bulk of the PVA Rebates to the Debtors during the post-petition, pre-rejection period in an attempt to "wait out" the entry of the order rejecting the Cardinal Contracts and engineer the asserted mutuality required for set-off.

8.      As a general rule, the PVA Rebates are payable at the end of the month following their accrual.  Accordingly, PVA Rebates that accrued from November 1st through December 9th (which Cardinal Health has withheld from the Debtors) were due to be paid to the Debtors by

December 31, 2022 and January 31, 2023, respectively.  The Debtors rejected the PVA effective

as of February 10, 2023 [Docket No. 372].

9.      During the post-petition, pre-rejection period, Cardinal Health was required to

comply with its obligations under the Cardinal Contracts, including the PVA.  "Most courts agree

that before an executory contract is assumed or rejected under §365(a), that contract continues to

exist, enforceable by the debtor in possession, but not enforceable against the debtor in

possession." *See, e.g.*, *In re Nat'l Steel Corp.*, 316 B.R. 287, 305 (Bankr. N.D. Ill. 2004)

(collecting cases).  *See also*, Howard C. Buschman III, *Benefits and Burdens: Postpetition*

*Performance of Unassumed Executory Contracts*, 5 Bankr. Dev. J. 341, 343 (1988).

10.     Accordingly, Cardinal Health was required to pay to the Debtors, at a minimum, all

PVA Rebates accruing in November and December in accordance with the terms of the Cardinal

Contracts and the parties' past practice, though all amounts should have been paid as they became

due post-petition and prior to rejection of the Cardinal Contracts.

11.     In addition, Cardinal did not provide any support for its claim that "Inmar Rebates",

which constitute more than one-third of the PVA Rebates, constitute "prepetition" obligations.

Moreover, the support that Cardinal Health attached to the Cardinal Motion for "RBC Rebates"

does not reflect any timing information to support the claim that they, too, constitute prepetition

obligations owing to the Debtors.

12.     Alternatively, in light of the pending Conversion Motion, the Debtors submit that

the Court should defer consideration of the Cardinal Motion so that a chapter 7 trustee is afforded

a reasonable  opportunity  to  review  the  issues  raised  in  the  Cardinal  Motion  and  make  a

4

determination as to the estates' position thereon.  Cardinal Health will not be prejudiced by the brief delay as an adjournment simply preserves the status quo.

## CONCLUSION

WHEREFORE, the Debtors respectfully request that the Court deny the Motion or adjourn the hearing on the Cardinal Motion until after the appointment of a chapter 7 trustee, and grant such other and further relief the Court deems just and appropriate.

Dated:  April 4, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Laura Davis Jones*

Laura Davis Jones (DE Bar No. 2436)
David M. Bertenthal (CA Bar No. 167624)
Timothy P. Cairns (DE Bar No. 4228)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone:  302-652-4100
Facsimile:   302-652-4400
email:  ljones@pszjlaw.com
        dbertenthal@pszjlaw.com
        tcairns@pszjlaw.com

*Counsel for the Debtors and Debtors-in-Possession*